(240 P.3d 980)
No. 102,804

STATE OF KANSAS, *Appellee*, v. STEVE R. BABER, *Appellant*.

Opinion filed October 8, 2010.

*Theresa L. Barr*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: Steve R. Baber pled no contest to aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(2)(A), a severity level 4 person felony, and aggravated indecent solicitation of a child in violation of K.S.A. 21-3511(a), a severity level 5 person felony.

Baber filed a motion for a dispositional departure and to enforce a plea agreement. He alleged that as part of a plea agreement the State originally agreed to recommend a postrelease supervision term of 36 months but subsequently insisted that lifetime postrelease supervision was mandatory pursuant to K.S.A. 22-3717(d)(1)(G). Baber acknowledged the statute requires that individuals convicted of his offenses be subject to lifetime postrelease

supervision, but he maintained that a 36-month postrelease supervision period was also specifically authorized under K.S.A. 22-3717(d)(1)(A). Finally, Baber argued that lifetime postrelease supervision constitutes cruel and unusual punishment under the United States and Kansas Constitutions.

During sentencing, Baber argued that K.S.A. 22-3717(d)(1) is unconstitutional because more serious crimes in Kansas carry less than a lifetime postrelease supervision term. The district court found it is a legislative function to determine the severity of a crime and concluded, "Based on what I have in front of me, counsel, I am going to find that the statutes are constitutional."

Baber was sentenced to 41 months in prison for aggravated indecent liberties and 32 months for aggravated indecent solicitation, the sentences to run consecutive to one another. Finding it had no authority to deviate from K.S.A. 22-3717(d)(1)(G), the district court imposed lifetime postrelease supervision on both counts.

Baber appeals. We affirm.

Baber first contends that his lifetime postrelease supervision term violates the cruel and unusual punishment prohibitions in the Eighth Amendment to the United States Constitution and Section 9 of the Kansas Constitution because more serious offenses in Kansas carry a lesser postrelease supervision term. He does not divide his analysis between the two provisions, nor does he specifically challenge the statute. However, the sentence he is attacking is prescribed by K.S.A. 22-3717(d)(1)(G), and an attack on the sentence is necessarily an attack on the statute.

The constitutionality of a sentencing statute presents a question of law over which this court exercises unlimited review. *State v. Allen*, 283 Kan. 372, 374, 153 P.3d 488 (2007). "A statute is presumed constitutional and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so." *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 629, 176 P.3d 928 (2008).

K.S.A. 22-3717(d)(1)(G) provides that an individual convicted of a sexually violent crime committed on or after July 1, 2006, who is released from prison "shall be released to a mandatory period of postrelease supervision for the duration of the person's natural

life." Included in the definition of sexually violent crimes are aggravated indecent liberties with a child and aggravated indecent solicitation of a child. K.S.A. 22-3717(d)(1)(G)(2)(C), (G). It is this postrelease supervision term with which Baber takes issue.

"Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). In other words, imposing a postrelease supervision term in and of itself is not a cruel and unusual method of punishment, but it may be constitutionally impermissible if applied in a disproportionate fashion. In Baber's case, he claims the length of the supervision renders the sentence unconstitutional.

The *Freeman* court set out a three-part test to help in administering the principle set forth above:

"In determining whether the length of a sentence offends the constitutional prohibition against cruel punishment three techniques should be considered:

"(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment;

"(2) A comparison of the punishment with punishments imposed in this jurisdiction for more serious offenses, and if among them are found more serious crimes punished less severely than the offense in question the challenged penalty is to that extent suspect; and

"(3) A comparison of the penalty with punishments in other jurisdictions for the same offense." 223 Kan. at 367.

It should be noted that use of these factors is in disfavor if analyzing any aspect of a criminal sentence other than its length. See *State v. Kleypas*, 272 Kan. 894, 1031-33, 40 P.3d 139 (2001), *cert. denied* 537 U.S. 834 (2002).

The *Freeman* factors include both legal and factual inquiries, and no single factor controls the outcome. *State v. Mondragon*, 289 Kan. 1158, 1163, 220 P.3d 369 (2009). "Ultimately, one consideration may weigh so heavy that it directs the final conclusion," but "consideration should be given to each prong of the test." *State v.*

*Ortega-Cadelan*, 287 Kan. 157, 161, 194 P.3d 1195 (2008). Particularly where the focus of an argument is proportionality, "the factual aspects are a necessary part of the overall analysis." 287 Kan. at 161.

Baber has failed to rebut the presumption that K.S.A. 22-3717(d)(1) is constitutionally valid. Relying exclusively, by his own admission, on the second *Freeman* factor, he argues that a lifetime postrelease supervision sentence is disproportionate to other sentences in Kansas. He provides the example of second-degree murder, which, with Baber's criminal history score, would carry a presumptive sentence of 165-155-147 months in prison, significantly more than the presumptive sentence for the crimes of which he was convicted. However, he points, out, the postrelease supervision term would only have been 36 months. See K.S.A. 21-4704(a); K.S.A. 22-3717(d)(1)(A).

The fact that a murder conviction carries a shorter postrelease supervision term does not by itself affect the sentencing statute's validity. Baber puts forth no argument as to why the legislature should not be permitted to require individuals convicted of sex crimes to remain under supervision longer than those convicted of murder. While the second prong of the *Freeman* analysis may render this arrangement suspect in isolation, it is not sufficient on its own to invalidate the statute. It might be argued that due to the nature of the crime here, lifetime supervision might well be advisable.

Baber presents no arguments or evidence regarding the other two *Freeman* factors. Although one consideration may weigh so heavily as to dictate the final result, consideration is to be given to each prong of the *Freeman* test. Here, the first prong is completely ignored. Baber briefly mentioned in his motion for a departure sentence that he was a 37-year-old male with no prior criminal history, but he abandoned that argument during sentencing and on appeal. It is impossible to determine anything about Baber's character because no evidence was presented in the context of the constitutional challenge. The third *Freeman* prong was considered only to the extent that Baber informed the district court that his limited research uncovered laws in other jurisdictions that are both

less harsh and more severe than Kansas, so he did not "think there was anything compelling that would be helpful to the court."

Essentially, Baber seeks to have K.S.A. 22-3717(d)(1)(G) struck down on the basis of his one point involving murder sentences.

Baber seems to acknowledge the paucity of his evidence when he argues in the alternative that "if the Court determines that an analysis of only the second prong of the *Freeman* factors is inadequate to make a constitutional finding," the case should be remanded for further findings regarding the other prongs. In so arguing, Baber relies on *State v. Seward*, 289 Kan. 715, 217 P.3d 443 (2009). There, the Supreme Court had to determine whether Seward had preserved his constitutional challenges to K.S.A. 21-4643 for appeal. The court found that the challenges were not a surprise to the State since they were mentioned and raised at one point in the district court and the judge merely failed to rule upon them. 289 Kan. at 718. The court also noted that counsel failed to move the district court pursuant to Supreme Court Rule 165 (2009 Kan. Ct. R. Annot. 239) for further findings, but considering various circumstances present in the case, the court was willing to remand for further findings. 289 Kan. at 718-19, 721. The court stated:

> "We emphasize that we believe this case to be exceptional. In the future, a defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary." 289 Kan. at 721.

*Seward* is not helpful to Baber. Rule 165 requires a judge, in all contested matters, to state the controlling facts and legal principles. 2009 Kan. Ct. R. Annot. 239. A litigant who fails to object to inadequate Rule 165 findings and conclusions may not make an argument on appeal that would depend upon what is missing. *Seward*, 289 Kan. at 720-21.

The present case does not involve inadequate findings and conclusions by the district court. Indeed, the court made findings regarding all the evidence offered by Baber. Rather, this is a case involving inadequate evidence. Baber offered the court very little on which to make any findings or to base a finding of unconstitutionality. What Baber really wants is another chance to prove his

case to the district court. That is not the purpose of a remand. There is nothing exceptional in the manner of *Seward* that would require this court to remand this issue.

We also note we have no idea what evidence, if any, Baber might be able to present in support of his position.

Having a statute declared unconstitutional is not meant to be an easy task. The legislature is presumed to have acted constitutionally, and Baber has failed to come forward with any evidence that it did otherwise in this case. The district court is affirmed.

Baber next claims that the district court possessed the discretion to sentence him to a shorter postrelease supervision term under a different statute. This claim requires interpretation of a statute, which is a question of law over which this court exercises unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

Baber was convicted of violating K.S.A. 21-3504(a)(2)(A), a severity level 4 crime. K.S.A. 22-3717(d)(1)(A) provides that an individual sentenced for a nondrug severity level 1 through 4 crime must serve 36 months on postrelease supervision. This section does not exempt the offenses listed in K.S.A. 22-3717(d)(1)(G). Baber asserts that the district court possessed the discretion to sentence him under either statute. In support, he argues that, where statutes authorize two different sentences for a given offense, a sentence imposed under either statute is legal.

Baber's claim is without merit. The law is clear that a specific provision within a statute controls over a more general provision within the statute. See *In re K.M.H.*, 285 Kan. 53, 82, 169 P.3d 1025 (2007), *cert. denied* 555 U.S. 937 (2008). K.S.A. 22-3717(d)(1)(G) expressly addresses the postrelease supervision term to be imposed upon sexually violent offenders. The statute also expressly defines those offenses that require this supervision term, including those of which Baber was convicted. The district court did not have the discretion to ignore this statute and choose to sentence Baber under another statute.

This lack of discretion on the part of the district court was addressed in *State v. Ballard*, 289 Kan. 1000, 218 P.3d 432 (2009), which rejected the very point Baber now raises. Ballard pled no contest to aggravated indecent liberties with a child and received

as part of his downward durational departure sentence a post-release supervision term of 36 months. The State argued that a lifetime postrelease supervision term is still required even when a defendant receives a departure sentence. The district court agreed and increased the postrelease supervision term to lifetime.

On appeal, Ballard argued that the original sentence was legal and the district court did not have jurisdiction to increase it later. Ballard argued that he could legally be sentenced under either K.S.A. 2006 Supp. 22-3717(d)(1)(A) or (d)(1)(G). The court disagreed and proclaimed his sentence illegal because it was not pursuant to K.S.A. 2006 Supp. 22-3717(d)(1)(G). 289 Kan. at 1012.

*Ballard* controls. Where a defendant is subject to K.S.A. 22-3717(d)(1)(G), he or she is to be sentenced under that subsection. Any other sentence imposed is illegal.

Finally, as the State correctly points out, there is a problem with the authority Baber cites to support his contention that if there are two different sentences for a given offense, a sentence imposed under either statute is legal. *State v. McCoin*, 278 Kan. 465, 101 P.3d 1204 (2004), involved a *McAdam* issue, involving two *different* offenses, with identical elements in certain situations, that imposed two different sentences. The court held that the imposition of the sentence authorized by the charge did not make the sentence illegal. 278 Kan. at 468. *McCoin* is not factually analogous to the present case and does not help Baber.

Affirmed.