NOT DESIGNATED FOR PUBLICATION

No. 113,085

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN ALLEN KOELSCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marshall District Court; JAMES A. PATTON, judge. Opinion filed September 4, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., HILL and BRUNS, JJ.

*Per Curiam*:  John Allen Koelsch appeals the district court's decision to modify his postrelease supervision term from 36 months to lifetime following his conviction of aggravated indecent liberties with a child. We granted Koelsch's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On December 18, 2007, Koelsch pled no contest to one count of aggravated indecent liberties with a child. On January 29, 2008, the district court sentenced Koelsch to 61 months' imprisonment with 36 months' postrelease supervision.

1

On October 28, 2014, the district court, on its own motion, held a hearing to correct an illegal sentence. At that hearing, the district court determined that Koelsch's 36 months' postrelease supervision term constituted an illegal sentence and instead imposed lifetime postrelease supervision. Koelsch timely appealed.

On appeal, Koelsch argues that the district court erred by imposing lifetime postrelease supervision. But as Koelsch acknowledges, under Kansas law, a court is mandated to impose a sentence of lifetime postrelease supervision for the conviction of a "sexually violent crime," which includes aggravated indecent liberties with a child. See K.S.A. 2014 Supp. 22-3717(d)(1)(D), (d)(5)(B). A district court's failure to comply with the lifetime postrelease statute results in an illegal sentence. See *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). Moreover, an illegal sentence can be corrected at anytime. See K.S.A. 22-3504(1).

*State v. Ballard*, 289 Kan. 1000, 218 P.3d 432 (2009), is directly on point and controls the outcome of Koelsch's appeal. In *Ballard*, the defendant was convicted of aggravated indecent liberties with a child and the district court initially imposed a sentence that included 36 months' postrelease supervision. At a later hearing, the district court found that it had imposed an illegal sentence and modified the postrelease supervision term from 36 months to lifetime. 289 Kan. at 1004. On appeal, the Kansas Supreme Court determined that the defendant's sentence for aggravated indecent liberties with a child that included postrelease supervision of 36 months did not conform to the statutory provisions. The sentence was illegal and the district court was able to correct the sentence at any time by imposing lifetime postrelease supervision. 289 Kan. at 1010-12. Based on *Ballard*, the district court herein did not err by correcting Koelsch's sentence and imposing lifetime postrelease supervision.

Affirmed.