NOT DESIGNATED FOR PUBLICATION

No. 112,172

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HERBERT H. SHAFFER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY GOERING, judge. Opinion filed September 18, 2015. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  Pursuant to a plea agreement with the State, Herbert H. Shaffer pled no contest to rape. In exchange, the State agreed not to oppose a departure sentence of 165 months' imprisonment. The plea agreement stated that if the sentencing court granted the departure and ordered a sentence to the sentencing grid, Shaffer would face lifetime postrelease supervision under K.S.A. 2009 Supp. 22-3717(d)(1)(G). Shaffer committed this crime in 2010.

At sentencing, the court granted Shaffer's motion for a downward durational departure and imposed a sentence of 147 months' imprisonment. The court ordered lifetime postrelease supervision.

Over 2 years later, Shaffer contended his sentence was illegal because the court imposed lifetime postrelease supervision. He claimed that his postrelease supervision should be only 36 months. The court summarily denied Shaffer's motion, ruling that the sentence was not illegal because lifetime postrelease supervision was required under K.S.A. 2009 Supp. 22-3717(d)(1)(G) and (d)(2)(A). Shaffer appealed. He argues that lifetime postrelease supervision was illegal because he received a downward durational departure and could only have been sentenced to 36 months' postrelease supervision. We review this issue de novo. *State v. Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013).

K.S.A. 22-3504(1) allows the court to correct an illegal sentence at any time. An illegal sentence includes one that does not conform to the applicable statutory provision in either the character or the term of authorized punishment. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014); see *State v. Gilbert*, 299 Kan. 797, 799, 801, 326 P.3d 1060 (2014).

Shaffer's crime was committed in 2010. K.S.A. 2009 Supp. 22-3717(d)(1)(G) requires any person convicted of a sexually violent crime—including rape— to receive lifetime postrelease supervision. The statute provides:

> "(d)(1) Persons sentenced for crimes, *other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G)*, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
> . . . .
> "(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be

2

released to a mandatory period of postrelease supervision for the duration of the person's natural life.

"(2) As used in this section, 'sexually violent crime' means:

"(A) Rape, K.S.A. 21-3502, and amendments thereto." (Emphasis added.) K.S.A. 2009 Supp. 22-3717(d)(1)(G) and (d)(2)(A).

In *State v. Cameron*, 294 Kan. 884, 900, 281 P.3d 143 (2012), the court held that an offender convicted of a sexually violent crime must be ordered to receive lifetime postrelease supervision upon release from prison. In doing so, the court examined K.S.A. 22-3717 and rejected an argument similar to Shaffer's current argument, holding "there is no reasonable doubt that the legislature intended the more specific and more severe provision of (d)(1)(G) to apply to a sentence imposed for a conviction of a sexually violent offense rather than the more general provision of (d)(1)(B)." 294 Kan. at 900; see *State v. Baber*, 44 Kan. App. 2d 748, 753, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013) (examining the postrelease statute and holding that the more specific provision for sexually violent crimes controlled over the general provision for severity level crimes). Rape is a sexually violent crime under K.S.A. 2009 Supp. 22-3717(d)(2)(A). Thus, the district court did not err in denying Shaffer's motion to correct illegal sentence.

Affirmed.