NOT DESIGNATED FOR PUBLICATION

No. 113,825

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROYAL N. GANTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed December 23, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Royal N. Gantt appeals the district court's decision to modify his postrelease supervision term from 36 months to lifetime following his conviction of aggravated indecent liberties with a child. We granted Gantt's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response and requested that the district court's judgment be affirmed.

On October 26, 2007, Gantt pled guilty to one count of aggravated indecent liberties with a child. On January 17, 2008, the district court sentenced Gantt to 55 months' imprisonment with 36 months' postrelease supervision.

1

On February 10, 2015, the district court, on its own motion, held a hearing to correct an illegal sentence. Gantt was still serving his 36-month postrelease supervision term at the time of the hearing. At the hearing, the district court determined that Gantt's 36 months' postrelease supervision term constituted an illegal sentence and instead imposed lifetime postrelease supervision. Gantt timely appealed.

On appeal, Gantt argues that the district court erred by imposing lifetime postrelease supervision. But as Gantt acknowledges, under Kansas law, a court is mandated to impose a sentence of lifetime postrelease supervision for a conviction of a "sexually violent crime," which includes aggravated indecent liberties with a child. See K.S.A. 2014 Supp. 22-3717(d)(1)(G), (d)(5)(C). A district court's failure to comply with the lifetime postrelease statute results in an illegal sentence. See *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). Moreover, an illegal sentence can be corrected at any time. K.S.A. 22-3504(1).

*State v. Ballard*, 289 Kan. 1000, 218 P.3d 432 (2009), is directly on point and controls the outcome of Gantt's appeal. In *Ballard*, the defendant was convicted of aggravated indecent liberties with a child and the district court initially imposed a sentence that included 36 months' postrelease supervision. At a later hearing, the district court found that it had imposed an illegal sentence and modified the postrelease supervision term from 36 months to lifetime. On appeal, the Kansas Supreme Court determined that the defendant's sentence for aggravated indecent liberties with a child that included postrelease supervision of 36 months did not conform to the statutory provisions. The sentence was illegal, and the district court was able to correct the sentence at any time by imposing lifetime postrelease supervision. 289 Kan. at 1010-12. Based on *Ballard*, the district court herein did not err by correcting Gantt's sentence and imposing lifetime postrelease supervision.

Affirmed.