NOT DESIGNATED FOR PUBLICATION

No. 114,486

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PHILLIP J. SMITH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed May 20, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

*Per Curiam:* Phillip Smith seeks summary disposition of his sentencing appeal under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67.). He claims the district court erred in granting the State's motion to correct an illegal sentence. We affirm.

In 2011, Smith pled guilty to two counts of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(1). These are severity level 3 person felony crimes. The district court sentenced Smith to consecutive 59-month prison sentences and 36 months' postrelease supervision.

1

Four years later, the State filed a motion to correct an illegal sentence arguing that Smith's period of postrelease did not comply with K.S.A. 22-3717. The court agreed and ordered Smith's original sentence be corrected to reflect he was subject to lifetime postrelease supervision. Smith appealed. Smith argues that the district court erred by imposing lifetime postrelease supervision.

An illegal sentence, as contemplated by K.S.A. 22-3504(1), includes one that does not conform to the statutory provision, either in the character or the term of authorized punishment. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Based on our review of the record, we conclude these concerns were present here.

K.S.A. 22-3717(d)(1)(G) provides that an individual convicted of a sexually violent crime on or after July 1, 2006, who is released from prison, "shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." The definition of sexually violent crimes includes aggravated indecent liberties with a child under K.S.A. 21-3504. K.S.A. 22-3717(d)(1)(G)(2)(C). When a defendant is subject to K.S.A. 22-3717(d)(1)(G), the imposition of lifetime supervision is mandatory, not discretionary. And a district court's failure to comply with K.S.A. 22-3717(d)(1)(G) results in an illegal sentence. See *State v. Ballard*, 289 Kan. 1000, 1010-12, 218 P.3d 432 (2009); *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013).

Here, Smith pled guilty to two counts of aggravated indecent liberties with a child in violation of K.S.A. 21-3504 committed between September 1, 2007, and February 29, 2008. The law required the court to sentence Smith to lifetime postrelease supervision. Because it failed to do so at the original sentencing hearing, Smith's original sentence was illegal. The district court subsequently ordered the change in Smith's 36-month postrelease supervision term to lifetime supervision based on the State's claim that the original term was an illegal sentence. Under *Ballard*, Smith's sentence of 36 months'

2

postrelease supervision was subject to correction at any time to impose lifetime supervision. Consequently, the district court did not err by correcting Smith's sentence and imposing lifetime postrelease supervision.

Affirmed.