NOT DESIGNATED FOR PUBLICATION

No. 114,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEJANDRO CESAR HERNANDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Alejandro C. Hernandez appeals the district court's decision to modify his postrelease supervision term from 24 months to life following his conviction of aggravated indecent solicitation of a child. We granted Hernandez' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and does not object to summary disposition.

On April 13, 2009, Hernandez pled no contest to one count of aggravated indecent solicitation of a child. On June 1, 2009, the district court sentenced Hernandez to 136 months' imprisonment with 24 months' postrelease supervision.

1

On June 22, 2015, the district court held a separate sentencing hearing to correct Hernandez' postrelease supervision term. At the hearing, the district court determined that Hernandez' 24 months' postrelease supervision term constituted an illegal sentence and instead imposed lifetime postrelease supervision. Hernandez timely appealed.

On appeal, Hernandez argues that the district court abused its discretion by imposing lifetime postrelease supervision for his conviction. But as Hernandez acknowledges, under Kansas law, a court is mandated to impose a sentence of lifetime postrelease supervision for a conviction of a "sexually violent crime," which includes aggravated indecent solicitation of a child. See K.S.A. 2015 Supp. 22-3717(d)(1)(G), (d)(5)(G). A district court's failure to comply with the lifetime postrelease statute results in an illegal sentence. See *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). An illegal sentence can be corrected at any time. K.S.A. 22-3504(1).

*State v. Ballard*, 289 Kan. 1000, 218 P.3d 432 (2009), is directly on point and controls the outcome of Hernandez' appeal. In *Ballard*, the defendant was convicted of aggravated indecent liberties with a child, and the district court initially imposed a sentence that included 36 months' postrelease supervision. At a later hearing, the district court found that it had imposed an illegal sentence and modified the postrelease supervision term from 36 months to life. On appeal, the Kansas Supreme Court determined that the defendant's sentence for a sexually violent crime that included postrelease supervision of 36 months did not conform to the statutory provisions, either in the character or the term of the authorized punishment. The sentence was illegal, and the district court was able to correct the sentence at any time by imposing lifetime postrelease supervision. 289 Kan. at 1010-12. Based on *Ballard*, the district court herein did not err by correcting Hernandez' sentence and imposing lifetime postrelease supervision.

Affirmed.