NOT DESIGNATED FOR PUBLICATION

No. 114,491

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KALEB HARRISON-BARR,
*Appellant*.


MEMORANDUM OPINION

Appeal from Nemaha District Court; JAMES A. PATTON, judge. Opinion filed June 17, 2016. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before MALONE, C.J., GREEN and GARDNER, JJ.


*Per Curiam*: Kaleb Harrison-Barr appeals the district court's decision to modify his postrelease supervision term from 24 months to lifetime following his conviction of aggravated sexual battery. We granted Harrison-Barr's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.


On September 27, 2012, Harrison-Barr pled no contest to one count of aggravated sexual battery. On November 29, 2012, the district court granted Harrison-Barr's motion for downward durational departure and sentenced him to 36 months' imprisonment with 24 months' postrelease supervision.


1

On July 16, 2015, the district court, on its own motion, held a hearing to correct illegal sentence. At the hearing, the district court determined that Harrison-Barr's 24 months' postrelease supervision term constituted an illegal sentence and instead imposed lifetime postrelease supervision. Harrison-Barr timely appealed.

On appeal, Harrison-Barr argues that the district court "erred by correcting [his] sentence and by imposing lifetime postrelease supervision in this case as lifetime postrelease is cruel and unusual punishment under the United States and Kansas Constitutions." But as Harrison-Barr acknowledges, under Kansas law, a court is mandated to impose a sentence of lifetime postrelease supervision for a conviction of a "sexually violent crime," which includes aggravated sexual battery. See K.S.A. 2015 Supp. 22-3717(d)(1)(G), (d)(5)(I). A district court's failure to comply with the lifetime postrelease statute results in an illegal sentence. See *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). An illegal sentence can be corrected at any time. K.S.A. 22-3504(1).

*State v. Ballard*, 289 Kan. 1000, 218 P.3d 432 (2009), is directly on point. In that case, the defendant was convicted of aggravated indecent liberties with a child and the district court initially imposed a sentence that included 36 months' postrelease supervision. At a later hearing, the district court found that it had imposed an illegal sentence and modified the postrelease supervision term from 36 months to lifetime. On appeal, the Kansas Supreme Court determined that the defendant's sentence for a sexually violent crime that included postrelease supervision of 36 months did not conform to the statutory provisions, either in the character or the term of the authorized punishment. The sentence was illegal, and the district court was able to correct the sentence at any time by imposing lifetime postrelease supervision. 289 Kan. at 1010-12.

As to Harrison-Barr's claim that lifetime postrelease supervision constitutes cruel and/or unusual punishment under the United States and Kansas Constitutions, Harrison-

2

Barr acknowledges that he did not raise this issue in the district court. Our Supreme Court has held that the issue of cruel and/or unusual punishment will not be reviewed for the first time on appeal because it requires the district court's findings upon the three-part test established in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). See *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011). Because Harrison-Barr did not raise his constitutional claim in the district court, he has failed to preserve this issue for appeal.

Affirmed.