NOT DESIGNATED FOR PUBLICATION

No. 115,228

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK D. RAU,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed December 2, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before PIERRON, P.J., ATCHESON and ARNOLD-BURGER, JJ.

*Per Curiam*:  Defendant Derek D. Rau appeals the Johnson County District Court's revision of his sentence for two counts of aggravated indecent liberties with a child to include lifetime postrelease supervision—a statutorily mandated punishment for the crimes of conviction. We granted Rau's motion for summary disposition without briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Because established Kansas Supreme Court cases foreclose Rau's arguments, we affirm the revised sentence.

In 2009, Rau pled guilty to two counts of aggravated indecent liberties with a child. At a later hearing, the district court pronounced a sentence of 61 months in prison

1

with 36 months of postrelease supervision. The State has since become aware Rau was subject to mandatory lifetime postrelease supervision pursuant to K.S.A. 2008 Supp. 22-3717(d)(1)(G). In 2015, the State filed a motion to correct an illegal sentence, noting that the aggravated indecent liberties convictions statutorily require lifetime postrelease supervision. The district court heard argument from lawyers for the State and Rau and took the motion under advisement. In a brief written order, the court granted the State's motion and reformed Rau's sentence to include lifetime postrelease supervision. Rau timely appealed.

Rau raises two issues on appeal. First, he claims that the district court erred by modifying his original sentence from a fixed term of postrelease supervision to lifetime postrelease supervision. But, as Rau acknowledges, the Kansas Supreme Court has held that a term of postrelease supervision that does not conform to statutory provisions is an illegal sentence that may be corrected at any time as provided in K.S.A. 22-3504(1). *State v. Ballard*, 289 Kan. 1000, 1010-13, 218 P.3d 432 (2009). As we have mentioned, K.S.A. 2008 Supp. 22-3717(d)(1)(G) mandates lifetime postrelease supervision for persons convicted of a certain designated crime, including aggravated indecent liberties with a child. A district court's failure to comply with the statute results in an illegal sentence. *State v. Baber*, 44 Kan. App. 2d 748, 754, 240 P.3d 980 (2010). The district court, therefore, properly granted the State's motion and revised Rau's original sentence to include lifetime postrelease supervision.

Rau next argues that lifetime postrelease supervision is an unconstitutionally "disproportionate sentence when considering the circumstances of the offense and comparative offenses." Assuming Rau contends lifetime postrelease supervision is cruel and unusual punishment as applied to him in violation of the protections in § 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution, he offers no detailed factual recitation as to why the circumstances of his crimes should warrant such relief. Assuming Rau contends lifetime postrelease

supervision is a categorically unconstitutional punishment for defendants convicted of aggravated indecent liberties with a child, the Kansas Supreme Court has rejected that argument. *State v. Mossman*, 294 Kan. 901, Syl. ¶ 9, 281 P.3d 153 (2012). Rau's constitutional argument fails.

Affirmed.