NOT DESIGNATED FOR PUBLICATION

No. 115,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK D. DEHNCKE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; BRUCE BROWN, judge. Opinion filed June 30, 2017. Affirmed.


*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.


*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.


*Per Curiam*:  Mark Dehncke appeals the district court's determination his original postrelease sentence of 24 months and 36 months was an illegal sentence. Here, based on Dehncke's crimes of conviction, K.S.A. 2016 Supp. 22-3717(d)(1)(G)(i) controls, and to avoid an illegal sentence, Dehncke must be sentenced to lifetime postrelease supervision. We affirm.

1

On April 14, 2011, pursuant to a plea agreement, Dehncke pled guilty to one count of criminal sodomy and two counts of indecent liberties with a child. The district court denied Dehncke's motions for both a dispositional and durational departure sentence. The district court sentenced Dehncke to 55 months' incarceration for criminal sodomy with a postrelease supervision term of 36 months. It sentenced him to 31 months' incarceration for each count of indecent liberties with a child with 24 months' postrelease supervision, to run concurrent with his sentence for criminal sodomy.

In 2016, the State moved to correct Dehncke's illegal sentence. It alleged the sentence was illegal because Dehncke was subject to lifetime postrelease supervision pursuant to K.S.A. 2016 Supp. 22-3717(d)(1)(G)(i) and not the shorter periods of 24 and 36 months. The district court granted the State's motion over Dehncke's objection and resentenced him to lifetime postrelease supervision. Dehncke appealed.

Dehncke argues the district court erred when it granted the State's motion to correct an illegal sentence. He contends this court should find the district court was without jurisdiction to grant the State's motion and resentence him because the original sentence was a lawful departure sentence.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time.

Pursuant to K.S.A. 2016 Supp. 22-3717(d)(1)(G)(i), "persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." Criminal sodomy and indecent liberties with a child are sexually violent crimes. K.S.A. 2016 Supp. 22-3717(d)(5)(B) and (D). When K.S.A. 2016 Supp. 22-3717(d)(1)(G) applies, the district court must impose lifetime postrelease supervision. Anything less results in an illegal sentence. *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009).

Dehncke argues "the sentence originally rendered by the district court should be viewed as a valid departure sentence." We are unpersuaded by that argument. Although Dehncke filed a departure motion before his original sentencing, the district court denied his motion. Clearly, the district court did not intend to depart when it originally sentenced Dehncke; if it had intended to depart during sentencing, it would have granted his departure motion.

Dehncke also cites no authority indicating a district court may depart from the imposition of lifetime postrelease supervision pursuant to K.S.A. 2016 Supp. 22-3717(d)(1)(G). Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority amounts to an abandonment of the issue. *State v. Murray,* 302 Kan. 478, 486, 353 P.3d 1158 (2015). Further,

> "when a defendant has been convicted of one of the statutorily defined sexually violent offenses, the district court does not have discretion to ignore the lifetime postrelease supervision requirement of K.S.A. [2016] Supp. 22-3717(d)(1)(G). *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009); *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). A district court's failure to comply with the statute results in an illegal sentence. 44 Kan. App. 2d at 754." *State v. Reed*, 50 Kan. App. 2d 1133, 1135-36, 336 P.3d 912 (2014), *rev. denied* 302 Kan. 1019 (2015).

The district court did not err when it resentenced Dehncke to lifetime postrelease supervision. The sentence requiring only 36 months' postrelease did not conform to K.S.A. 2016 Supp. 22-3717(d)(1)(G)(i). As a result, his sentence was an illegal sentence which the district court could correct at any time. In addition, Dehncke fails to cite anything in the record indicating the district court intended to depart to a lesser term of postrelease supervision and he fails to cite any authority reflecting the district court could depart from lifetime postrelease supervision.

Affirmed.