NOT DESIGNATED FOR PUBLICATION

No. 115,758

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY W. ABRAHAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 14, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*: Gregory W. Abraham, a convicted rapist and sodomist, now serving a lengthy prison sentence, contends the district court illegally changed his sentence from 36 months' postrelease supervision to lifetime postrelease supervision.

Seven years after Abraham was sentenced, the State moved to correct an illegal sentence because Abraham should have been sentenced to a mandatory term of lifetime postrelease supervision under the statute, K.S.A. 22-3717(d)(1)(G). In response,

1

Abraham filed a motion for postrelease departure findings. The district court denied Abraham's motion and granted the State's motion. It then resentenced Abraham to lifetime postrelease supervision. Abraham contends the trial court's original sentence of a 36-month postrelease supervision term constituted a valid departure sentence and was, therefore, a legal sentence.

Since July 1, 2006, Kansas law has directed that persons convicted of a "sexually violent crime" shall be sentenced to a "mandatory" lifetime term of postrelease supervision:

> "Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2006 Supp. 22-3717(d)(1)(G).

Abraham's crimes—rape and aggravated criminal sodomy—are both sexually violent crimes. See K.S.A. 2006 Supp. 22-3717(d)(2)(A), (E).

The statute, K.S.A. 22-3504(1), states that a court may correct an illegal sentence at any time. An "illegal sentence" is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Other Kansas courts have previously decided that a district court's failure to comply with K.S.A. 22-3717(d)(1) results in an illegal sentence. See *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009); *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). Abraham's sentence of a 36-month

postrelease supervision does not conform to the statutory provision for the term of authorized punishment because the applicable statute mandated lifetime postrelease supervision. Therefore, his sentence was illegal.

But Abraham contends that his 36-month postrelease supervision sentence was a lawful departure sentence. We hold that it was not.

While it is true that for some offenses, if the sentencing court finds a crime is sexually motivated, the law—K.S.A. 2006 Supp. 22-3717(d)(1)(D)— permits the district court to impose a departure to *extend* the term of postrelease supervision to a period of up to 60 months for persons sentenced to a 12-, 24-, or 36-month postrelease supervision term under (d)(1)(A)-(C). But this subsection does not apply to persons who commit sexually violent crimes. They are subject to only lifetime postrelease supervision.

A district court does not have discretion to disregard the mandatory lifetime postrelease supervision requirement of K.S.A. 22-3717(d)(1)(G). See *State v. Reed*, 50 Kan. App. 2d 1133, 1135-36, 336 P.3d 912 (2014), *rev. denied* 302 Kan. 1019 (2015). There is no ambiguity in the legislature's use of the word "mandatory." Any departure from lifetime postrelease supervision would be an illegal sentence. "Where a defendant is subject to K.S.A. 22-3717(d)(1)(G), he or she is to be sentenced under that subsection. Any other sentence imposed is illegal." *Baber*, 44 Kan. App. 2d at 754.

When we look deeper in the record, we note the original sentencing court denied Abraham's motion for a durational departure. The sentencing court called Abraham "very dangerous" and found "no mitigation here that would warrant a departure." The court stated, "I do think that it is part of my job to ensure that Mr. Abraham doesn't ever have a chance to hurt anybody else again. I believe he's very dangerous." The imposition of the 36-month postrelease supervision was based on a mistake of the law in effect at the time

3

of Abraham's crimes. Abraham's sentence could not be reasonably construed as a departure sentence.

Affirmed.