NOT DESIGNATED FOR PUBLICATION

No. 115,796

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN M. BAKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 28, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*:  Ryan M. Baker contends the district court illegally changed his sentence from 36 months' postrelease supervision to lifetime postrelease supervision. Six years after Baker was sentenced, the State moved to correct an illegal sentence because Baker should have been sentenced to a mandatory term of lifetime postrelease supervision under the statute, K.S.A. 2016 Supp. 22-3717(d)(1)(G). The district court granted the State's motion and then resentenced Baker to lifetime postrelease supervision. For the reasons stated below, we affirm.

1

A court may correct an illegal sentence at any time. K.S.A. 22-3504(1). An "illegal sentence" is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Baker contends the district court's original sentence of a 36-month postrelease supervision term constituted a valid departure sentence and was, therefore, a legal sentence when imposed.

But since July 1, 2006, Kansas law has directed that persons convicted of a "sexually violent crime" shall be sentenced to a "mandatory" lifetime term of postrelease supervision:

> "Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2016 Supp. 22-3717(d)(1)(G).

Baker's crimes of conviction in this case—attempted rape and aggravated sexual battery—are both sexually violent crimes. See K.S.A. 2016 Supp. 22-3717(d)(5)(A), (M) (attempted rape) and K.S.A. 2016 Supp. 22-3717(d)(5)(I) (aggravated sexual battery). A district court's failure to comply with K.S.A. 2016 Supp. 22-3717(d)(1)(G) by imposing a term of lifetime postrelease supervision for persons convicted of a sexually violent crime results in an illegal sentence. See *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009) (failure to impose a term of lifetime postrelease supervision as required by K.S.A. 22-3717[d][1][G]); *State v. Baber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010). Baker's sentence of a 36-month postrelease supervision term as originally imposed does not conform to the statutory provision for the term of authorized punishment because the

applicable statute mandated lifetime postrelease supervision. Therefore, his sentence was illegal.

But Baker contends that his 36-month postrelease supervision sentence was a lawful departure sentence. We hold that it was not. While K.S.A. 2016 Supp. 22-3717(d)(1)(D) permits the court to depart by extending postrelease supervision to 60 months for persons sentenced to a 12-, 24-, or 36-month postrelease supervision term under (d)(1)(A)-(C) if the court finds the crime of conviction was sexually motivated, that subsection does not apply to persons convicted of sexually violent crimes. Persons convicted of sexually violent crimes are subject to only lifetime postrelease supervision. A district court does not have discretion to disregard the mandatory lifetime postrelease supervision requirement of K.S.A. 2016 Supp. 22-3717(d)(1)(G). See *State v. Reed*, 50 Kan. App. 2d 1133, 1135-36, 336 P.3d 912 (2014). There is no ambiguity in the legislature's use of the word "mandatory." Any departure from lifetime postrelease supervision would be an illegal sentence. See *Baber*, 44 Kan. App. 2d at 754 ("Where a defendant is subject to K.S.A. 22-3717[d][1][G], he or she is to be sentenced under that subsection. Any other sentence imposed is illegal.").

Affirmed.