NOT DESIGNATED FOR PUBLICATION

No. 120,667

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNATHAN L. RIFFE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed November 27, 2019. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM:  After the Kansas Supreme Court remanded Johnathan L. Riffe's case for resentencing of his postrelease supervision term, the district court imposed, without conducting an evidentiary hearing, a term of lifetime postrelease supervision after determining the sentence did not violate the Eighth Amendment to the United States Constitution or § 9 of the Bill of Rights to the Kansas Constitution. On appeal, Riffe complains the district court violated his procedural due process rights by not allowing him to present evidence. Finding no error by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury convicted Riffe of aggravated sexual battery, and the district court sentenced Riffe to 47 months' imprisonment and 24 months' postrelease supervision. A panel of this court affirmed his conviction on appeal. *State v. Riffe*, No. 107,486, 2013 WL 1943061 (Kan. App. 2013) (unpublished opinion).

Subsequently, the State filed a motion to correct an illegal sentence, claiming that under K.S.A. 2010 Supp. 22-3717(d)(1)(G) and (d)(5), Riffe's conviction required lifetime postrelease supervision. Riffe opposed this motion, arguing lifetime postrelease supervision would violate his rights under the Eighth Amendment and § 9 of the Kansas Constitution Bill of Rights.

At the hearing on the State's motion, the district court did not hold an evidentiary hearing but heard arguments from counsel. Relying on the factors provided in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978), the district court ultimately imposed 10 years' postrelease supervision on the grounds that a longer period of postrelease supervision would be excessive. In support of its holding that any postrelease supervision period beyond 10 years would be excessive, the district court found:  (1) Riffe's prior convictions were 22 years old; (2) Riffe had married and was raising two sons from a prior marriage; (3) Riffe was required to register as a sex offender; (4) Riffe did not have a history of sexual crimes; and (5) Riffe had had no problems in prison or on postrelease supervision. The State appealed the decision.

Our court vacated the district court's decision, finding the district court's factual findings did not entirely support its legal conclusion and the second and third *Freeman* factors weighed in the State's favor based on Kansas caselaw. See, generally, *State v. Riffe*, No. 113,746, 2016 WL 937869 (Kan. App. 2016) (unpublished opinion), *rev'd* 308 Kan. 103, 418 P.3d 1278 (2018).

2

The Kansas Supreme Court granted Riffe's petition for review and concluded the district court had made insufficient factual findings regarding the first *Freeman* factor and committed legal error when it failed to consider factors two and three. *State v. Riffe*, 308 Kan. 103, 110, 418 P.3d 1278 (2018). The Supreme Court remanded the case and directed the district court

> "to look to the record or conduct a new evidentiary hearing, at its discretion, to make new and complete factual findings that are consistent with the guidance provided in *Freeman*. We note that the Court of Appeals concluded that some of the factual findings were not supported by substantial competent evidence and therefore [we] caution the district court to ensure that its findings are based on the evidence presented by the parties, not the arguments submitted by the attorneys. We further direct the district court to consider all three factors in its analysis." 308 Kan. at 112.

At the remand hearing, the district court determined an evidentiary hearing was not required because the record was fully complete. Riffe reiterated his arguments from the first resentencing hearing. The district court found the relevant considerations under the first *Freeman* factor were the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment. It found the second and third *Freeman* factors weighed against Riffe as a matter of law but refused to consider the statements of Riffe's counsel regarding the improvements Riffe had made in his personal life. Based on the evidence in the record, the district court found: (1) Riffe's crime of aggravated sexual battery was a violent sexual offense; (2) the nature of the offense was a threat to society; (3) Riffe was culpable for the victim's injury; and (4) society had a strong interest in punishing sexually violent crimes. As a result, the district court imposed lifetime postrelease supervision because all three *Freeman* factors weighed against Riffe.

Riffe timely appeals.

DID THE DISTRICT COURT ERR WHEN IT IMPOSED LIFETIME POSTRELEASE SUPERVISION WITHOUT HOLDING AN EVIDENTIARY HEARING?

Riffe's sole argument on appeal is that the district court violated his procedural due process rights by not holding an evidentiary hearing on remand to determine if lifetime postrelease supervision violated his rights under the Eighth Amendment and § 9 of the Kansas Constitution Bill of Rights. Riffe's due process claim is a question of law over which we exercise unlimited review. See *State v. Redding*, 310 Kan. 15, 21, 444 P.3d 989 (2019).

Section 9 of the Kansas Constitution Bill of Rights prohibits cruel or unusual punishment. This prohibition includes any punishment that "although not cruel or unusual in its method . . . is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." *Freeman*, 223 Kan. at 367. Our Supreme Court has set forth three factors to be considered when determining whether a sentence is so disproportionate as to violate § 9:

"(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment;

"(2) A comparison of the punishment with punishments imposed in this jurisdiction for more serious offenses, and if among them are found more serious crimes punished less severely than the offense in question the challenged penalty is to that extent suspect; and

"(3) A comparison of the penalty with punishments in other jurisdictions for the same offense." 223 Kan. at 367.

4

No one factor controls, "and a court must address all three factors in its analysis." *Riffe*, 308 Kan. at 109. Moreover,

> "[w]hen considering the first *Freeman* factor, a court should make factual findings regarding '[t]he nature of the offense and the character of the offender . . . with particular regard to the degree of danger present to society.' . . . '[R]elevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment.' [Citations omitted.]" 308 Kan. at 110.

Riffe argues he was deprived of due process because the district court did not hold an evidentiary hearing to develop facts to support its weighing of the *Freeman* factors. Riffe claims a hearing would have allowed him to provide the evidence regarding his character and circumstances that the district court considered in its original resentencing ruling. The State responds that our Supreme Court's instruction gave the district court the discretion to make findings either based on the existing record or after a new evidentiary hearing. The State posits that no evidentiary hearing was needed as the record was sufficient and Riffe never asked for an evidentiary hearing.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *In re J.D.C.*, 284 Kan. 155, 166, 159 P.3d 974 (2007).

The problem with Riffe's due process argument is that even if we assume Riffe's due process rights were implicated here, the onus was on Riffe to ensure the district court made sufficient factual findings when he challenged his sentence for violating the Eighth Amendment and § 9 of the Kansas Constitution Bill of Rights. See *State v. Reed*, 300 Kan. 494, 513, 332 P.3d 172 (2014), *cert. denied* 135 S. Ct. 1566 (2015). In *Reed*, the

5

district court did not make findings regarding Reed's assertions that he was a hard working husband and father and gainfully employed. Reed asked the Kansas Supreme Court, without citations to the record, to make those factual findings or remand the case to the district court to make those findings. The Kansas Supreme Court rejected Reed's request, noting Kansas appellate courts do not "address a defendant's appellate argument regarding cruel and/or unusual punishment when the defendant has failed to develop the record below or, at least, cite to the record." 300 Kan. at 513. Reed's argument failed because he did not object to the district court's factual findings or file a motion under Supreme Court Rule 165 (2013 Kan. Ct. R. Annot. 265) requiring the district court to make findings of fact. Raising or filing a motion that a sentence is unconstitutional at the defendant's sentencing hearing is not enough. 300 Kan. at 514. Riffe's appeal contains the same infirmities.

In essence, Riffe asks us for a third bite at the apple. For his first bite, in response to the State's motion to correct an illegal sentence, Riffe filed a motion alleging lifetime postrelease supervision was unconstitutional as applied to him. Riffe did not ask for an evidentiary hearing or attempt to create a factual record. Instead, Riffe relied on his attorney's arguments. Riffe partially won the day as the district court found lifetime postrelease supervision would be unconstitutional but did sentence him to 10 years' postrelease supervision.

For his second bite, following the remand by our Supreme Court, the district court again held a hearing to determine if a sentence of lifetime postrelease supervision was constitutional. Again, Riffe did not ask for an evidentiary hearing or seek to create a factual record. Riffe did not object to the lack of an evidentiary hearing or to the district court's refusal to consider his lawyer's arguments about Riffe's character from the first resentencing hearing. Riffe never asked the district court to make written, explicit findings of facts to support the lifetime postrelease supervision sentence. Unfortunately

for Riffe, this time the district court ruled against him and found that imposing a term of lifetime postrelease supervision on Riffe was constitutional.

Now, for his third bite, Riffe asks us for another remand so he can have his evidentiary hearing, claiming the district court lacked adequate evidence in the record to determine the constitutionality of lifetime postrelease supervision. But the purpose of a remand is not to give the appellant another chance to argue his case. *State v. Baber*, 44 Kan. App. 2d 748, 752-53, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). Riffe has never sought an evidentiary hearing until now. Under *Reed*, 300 Kan. at 513, he is not entitled to one.

We acknowledge that our Supreme Court did order a remand for additional factual findings in *State v. Seward*, 289 Kan. 715, 721, 217 P.3d 443 (2009), *disapproved on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). But the court found that case was exceptional as the law at issue was new. Moreover, our Supreme Court put defendants on notice that in order to appeal a constitutional challenge to a sentencing statute, they "must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary." 289 Kan. at 721; see Supreme Court Rule 165 (2019 Kan. S. Ct. R. 221). Because a constitutional challenge under the Eighth Amendment and § 9 requires factual components, a defendant is "responsible for making sure there were adequate findings on the record." *Reed*, 300 Kan. at 514. Failure to do so results in the failure of the defendant's constitutional challenges. 300 Kan. at 514.

Here, the Kansas Supreme Court ordered the district court to make factual findings on the *Freeman* factors either from the existing record or by holding a new evidentiary hearing. *Riffe*, 308 Kan. at 112. The district court determined the record was sufficient to consider those factors as instructed by the Kansas Supreme Court, rendering an evidentiary hearing unnecessary. Riffe did not request an evidentiary hearing or object to

7

the district court's decision not to hold an evidentiary hearing. Riffe did not ask for more detailed finding of facts, as the State did after the first resentencing hearing.

Riffe also claims he had no notice that he needed to request an evidentiary hearing or to object to the district court's decision not to hold one because he did not know the district court would disregard his attorney's arguments about his character and circumstances until after the ruling. We disagree. Both a panel of our court and the Supreme Court directed the district court to consider only facts in the record, "not the arguments submitted by the attorneys." 308 Kan. at 112; see *Riffe*, 2016 WL 937869, at *10. As the district court observed at the second resentencing hearing, it had relied on the arguments of Riffe's attorney in the first hearing to find lifetime postrelease supervision unconstitutional. Riffe had the responsibility to ensure adequate factual findings existed, and he knew his attorney's arguments about his character and circumstances were not facts. Riffe's procedural due process rights were not violated because he failed to take the steps necessary to ensure an adequate factual record.

Finally, even if the district court had held an evidentiary hearing, it is unclear what additional facts Riffe could have offered. The first *Freeman* factor instructs courts to look at the nature of the offense and the character of the offender by considering "the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment." 223 Kan. at 367. The district court considered these factors and found they all weighed against Riffe.

Riffe wanted the district court to consider other factors not listed in *Freeman*'s first prong, including that he had gotten married and was raising two sons from a previous marriage; he had a good work history; he was required to register as a sex offender; he did not have any other sex crimes beyond this conviction; and he had no problems in prison or on postrelease. Evidence supporting these arguments was in the record except for his lack of problems in prison or on postrelease. Even considering the evidence in the

8

record of Riffe's arguments, the panel held the district court's factual findings did not support its legal conclusion. *Riffe*, 2016 WL 937869, at *7-8. Riffe does not allege what facts he can prove beyond what is already contained in the record. His main purpose appears to be to show that mitigating circumstances exist to make lifetime postrelease unconstitutional. That is not the purpose of the first *Freeman* factor. See *State v. Miller*, 297 Kan. 516, 521, 304 P.3d 1221 (2013) ("The first *Freeman* factor relates more to the danger posed to society than to sympathetic aspects of the defendant's circumstances.").

Likewise, Riffe cannot provide additional facts at an evidentiary hearing to show the second or third *Freeman* factors weigh in his favor. The second and third factors are legal conclusions which weigh against Riffe's position. See *State v. Ortega-Cadelan*, 287 Kan. 157, 161, 194 P.3d 1195 (2008). The second factor requires courts to compare the punishment with punishments in Kansas for more serious offenses. *Freeman*, 223 Kan. at 367. Lifetime postrelease supervision for a sexually violent offense "is not grossly disproportionate" to more serious offenses when considering "the penological purposes, the seriousness of the crime, and the other concerns discussed in relation to the first *Freeman* factor." *State v. Mossman*, 294 Kan. 901, 917, 281 P.3d 153 (2012). The third factor requires courts to compare the punishment in the case with punishments in other jurisdictions for the same offense. *Freeman*, 223 Kan. at 367. Kansas courts have also held lifetime postrelease supervision is not an outlier amongst other jurisdictions. See *Mossman*, 294 Kan. 901, Syl. ¶ 5; *State v. Cameron*, 294 Kan. 884, 894-95, 281 P.3d 143 (2012). Because the second and third factors are legal conclusions already found to weigh against Riffe's position, an evidentiary hearing would not have helped him. Riffe's due process rights were not violated.

Affirmed.