No. 103,433

STATE OF KANSAS, *Appellee*, v. GARY LEE MORNINGSTAR, JR.,
*Appellant.*

(329 P.3d 1093)

Opinion filed July 18, 2014.

*Elaine M. Esparza,* of Harper, argued the cause, and *Kerwin L. Spencer,* of Wellington, was on the briefs for appellant, and *Gary Lee Morningstar, Jr.,* appellant pro se, was on a supplemental brief.

*Matthew B. Metcalf,* acting county attorney, argued the cause, and *Evan C. Watson,* county attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: This appeal concerns a consecutive sentence ordered after an appellate remand in a multiple-conviction case. See *State v. Morningstar,* 289 Kan. 488, 495, 213 P.3d 1045 (2009) (*Morningstar I*). The Court of Appeals dismissed the appeal because it determined it was without jurisdiction because the new sentence was within the presumptive range under the Kansas Sentencing Guidelines Act (KSGA). See *State v. Morningstar,* No. 103,433, 2011 WL 1878003, at *2 (Kan. App. 2011) (unpublished opinion) (*Morningstar II*); see also K.S.A. 21-4721(c)(1) (no direct appeal jurisdiction over presumptive sentences). We granted review to consider the panel's jurisdictional analysis, as well as its determination that the district court acted properly.

We hold that the panel erred in dismissing the appeal because appellate jurisdiction exists to determine whether the district court had authority to impose the consecutive sentence, even if that sentence fell within the presumptive range. See *State v. Warren,* 297 Kan. 881, 882-85, 304 P.3d 1288 (2013) (appellate court may consider limited question whether district court properly interpreted sentencing statute). As to the merits, we affirm the district court because the KSGA permits a district court imposing a term of imprisonment upon resentencing to determine anew whether the prison term runs consecutive to a defendant's other sentences. We also hold that a district court may designate that the sentence for the primary crime of conviction runs consecutive to the defendant's other sentences under the KSGA's multiple-conviction sentencing statute.

FACTUAL AND PROCEDURAL BACKGROUND

Gary L. Morningstar, Jr., was convicted of one count each of rape of a child under 14, aggravated battery, abuse of a child, and child endangerment. At his sentencing hearing, the district court imposed an off-grid hard 25 life sentence for the rape conviction as required by Jessica's Law. See K.S.A. 21-4643. The court also applied the statutory sentencing grid to impose term-of-years sentences for the remaining convictions. See K.S.A. 21-4704. In doing so, the court used Morningstar's full criminal history score to enhance the sentence for the aggravated battery conviction, which was the highest severity level grid crime. See K.S.A. 21-4720(b)(2)-(4). The district court then ordered the term-of-years sentences to run concurrent with each other and with the off-grid hard 25 life sentence for the rape conviction. See K.S.A. 21-4608(a); K.S.A. 21-4720(b).

In *Morningstar I*, this court affirmed Morningstar's convictions but vacated the off-grid rape sentence because the jury had not determined Morningstar's age, which was necessary to impose that sentence under K.S.A. 21-4643. In other words, Morningstar's off-grid sentence was not lawful. See 289 Kan. at 494-95. We remanded for resentencing on the rape conviction as a felony *on the KSGA nondrug sentencing grid."* (Emphasis added.) 289 Kan. at 495.

On remand, the parties recognized that imposing a grid sentence for rape also implicated Morningstar's aggravated battery sentence because the rape conviction became Morningstar's highest severity level grid offense. See K.S.A. 21-3502(c) (rape of child under 14 a severity level 1 felony). This meant the district court was required to apply Morningstar's full criminal history to the rape conviction, which in turn required resentencing for the aggravated battery conviction without applying a criminal history score. See K.S.A. 21-4720(b)(2), (3), (5); *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012) (sentence illegal when, *e.g.*, it differs in character or term from that authorized by statute).

Given those KSGA requirements, the district court sentenced Morningstar to 186 months' imprisonment for rape based on the

appropriate grid box given his criminal history score. It also sentenced Morningstar to 43 months' imprisonment for aggravated battery applying no criminal history score. It then ordered the rape sentence to run consecutive to the other sentences. As a practical matter, Morningstar is required to serve a total sentence of 229 months' imprisonment—the sum of the rape sentence and the aggravated battery sentence (which is the longest of Morningstar's concurrent sentences for aggravated battery, abuse of a child, and child endangerment).

Morningstar challenged whether the district court on remand could order the rape sentence to run consecutive to his other sentences. In an unpublished opinion, the Court of Appeals held the district court did not violate the *Morningstar I* mandate because the original rape sentence was necessarily nullified as a consequence of our decision to vacate it. The panel reasoned this allowed the district court to start over when resentencing on that offense under the KSGA. But after engaging in this analysis and conclusion, the panel then determined that Morningstar's sentence was not reviewable on appeal under K.S.A. 21-4721(c)(1) because it was within the presumptive sentence range. The panel held that Morningstar's new sentence was subject to K.S.A. 21-4721(c)(1) (prohibition of direct appeal jurisdiction over presumptive sentences). *Morningstar II*, 2011 WL 1878003, at *2.

Morningstar timely petitioned this court for review, which we granted under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

We must note Morningstar raised other issues in his petition for review and in a supplemental brief filed with this court that we do not reach because our review is limited to what Morningstar contends the panel wrongly decided. See Supreme Court Rule 8.03(g)(1) (2013 Kan. Ct. R. Annot. 77). At oral argument, Morningstar agreed the only questions properly presented are the panel's jurisdictional analysis and his consecutive sentence challenge.

## DISMISSAL FOR LACK OF JURISDICTION

We address this issue first because without subject matter juris-

diction, a court cannot address a case's merits. See *State v. Huerta*, 291 Kan. 831, 840-41, 247 P.3d 1043 (2011) ("If subject matter jurisdiction is in question, that issue needs to be resolved first. The merits come second.").

Kansas appellate courts have jurisdiction to "correct, modify, vacate or reverse any act, order, or judgment of a district court to assure that any such act, order or judgment is just, legal and free of abuse." K.S.A. 60-2101(a), (b). Under the KSGA, appellate courts lack jurisdiction over presumptive sentences. K.S.A. 21-4721(c)(1). But this prohibition does not extend to appellate review of a district court's interpretation of its sentencing authority under the KSGA. See *Warren*, 297 Kan. at 885 (Court of Appeals had jurisdiction, despite sentence within presumptive range, to review claim that district court erroneously believed it did not possess authority to impose downward departure).

Morningstar's consecutive sentencing challenge concerns not merely the ultimate sentence imposed but the district court's authority to impose it. This is not a challenge to a presumptive sentence precluded by K.S.A. 21-4721(c)(1). The panel erred when it dismissed Morningstar's appeal for lack of jurisdiction. Accordingly, we consider the merits of the challenge to his newly imposed consecutive sentence.

## IMPOSITION OF CONSECUTIVE SENTENCE

Morningstar asserts three reasons why the district court could not run the rape sentence consecutive to his other sentences: (1) *Morningstar I* did not permit the district court to impose consecutive sentences on remand; (2) there was no statutory authority for the district court to reconsider on remand its original decision to run Morningstar's sentences concurrent with one another; and (3) the sentence for a defendant's primary crime of conviction cannot run consecutive to a defendant's other sentences. We disagree with each argument.

### *The* Morningstar I *mandate*

Interpretation of an appellate court mandate and the determination of whether the district court complied with it on remand

are both questions of law subject to de novo review. See *State v. Guder*, 293 Kan. 763, 765, 267 P.3d 751 (2012).

In *State v. Heywood*, 245 Kan. 615, 618, 783 P.2d 890 (1989), the court held in a pre-KSGA case that a mandate like the one at issue here did not prohibit a district court from changing concurrent sentences to sentences that run consecutive with one another. In that case, the convictions initially sentenced as class B felonies were remanded for resentencing as class C felonies. 245 Kan. at 618. The *Heywood* court held that the change from concurrent to consecutive sentences did not exceed the mandate because the sentences imposed on remand were within the district court's statutory authority under the then-existing sentencing scheme. The court explained that in remanding the convictions for resentencing as class C felonies, it intended that the district court be permitted to exercise that authority. 245 Kan. at 618.

Similarly, our decision in *Morningstar I* concerned only whether Morningstar could be sentenced off-grid for rape under Jessica's Law due to the State's failure to prove the defendant's age to the jury beyond a reasonable doubt. In ordering resentencing under the grid, our mandate did not restrict the district court's statutory sentencing authority on remand. It was intended only to permit the district court to exercise whatever authority it might have under the KSGA. We consider that question next.

*Authority to modify rape sentence to run consecutive to other sentences under the KSGA*

Morningstar argues the district court lacked statutory authority to order the new rape sentence to run consecutive to his other sentences, citing language in K.S.A. 21-4720(b)(5). He does not argue the district court's action was vindictive or violated due process or double jeopardy.

The Court of Appeals held the district court had authority to change a sentence from concurrent to consecutive upon resentencing as long as there was no presumption of vindictiveness, citing *Heywood*, 245 Kan. at 618-20. *Morningstar II*, 2011 WL 1878003, at *2. And as discussed, the panel is correct that *Heywood* affirmed the district court's authority to resentence a defendant to consec-

utive terms when the sentence for the same crime of conviction was remanded for resentencing.

But *Heywood* was decided before the KSGA's enactment, and the *Heywood* court relied on the district court's broader pre-KSGA discretion when imposing a sentence in supporting its outcome. 245 Kan. at 617-18. Subsequent decisions limiting a district court's jurisdiction to modify a sentence under the KSGA raise questions whether *Heywood* remains good law when the question concerns the district court's statutory authority.

In *State v. Miller*, 260 Kan. 892, 897, 926 P.2d 652 (1996), the court held the legislature intentionally eliminated a sentencing court's authority to modify sentences by omitting provisions like the one that permitted pre-KSGA sentencing courts to modify already imposed sentences within 120 days of sentencing. 260 Kan. at 897. The court held: " 'When a lawful sentence has been imposed under KSGA, *the sentencing court has no jurisdiction to modify that sentence except to correct 'arithmetic or clerical errors'* pursuant to K.S.A. 21-4721(i)." (Emphasis added.) 260 Kan. at 900.

Admittedly, *Miller* is factually distinguishable because it did not involve modification of a sentence on remand for resentencing. But the same principle—that courts have limited jurisdiction to modify sentences—was also applied in *Guder*, 293 Kan. 763, which did involve resentencing of an unlawful sentence.

In *Guder*, which was decided after the panel issued its decision in this case, the question concerned a multiple-conviction case in which an appellate court remanded only the defendant's primary crime of conviction for resentencing, while leaving intact the other convictions and sentences on those convictions. On remand, the district court modified one of the defendant's lawful, non-vacated sentences to run consecutive to the other sentences. In a second appeal challenging the resentencing, the defendant argued the district court lacked authority to modify the previously imposed concurrent sentence when resentencing for a different conviction. On review, our court agreed with the defendant that the district court lacked authority to modify the previously imposed, non-vacated sentence. 293 Kan. at 767.

In doing so, the *Guder* court noted that prior to the KSGA district courts could resentence defendants on all counts in multiple-conviction cases, even if the sentence for only one count was disturbed on appeal, because the sentences collectively comprised a single, whole judgment. 293 Kan. at 765-66 (citing *State v. Woodbury*, 133 Kan. 1, 2, 298 P. 794 [1931], and subsequent cases). But the *Guder* court held that the KSGA abrogated that earlier authority and further held that a previously imposed, lawful sentence that was not vacated on appeal could not be modified at resentencing absent specific statutory authority to do so. 293 Kan. at 765-66. The *Guder* court then examined K.S.A. 21-4720(b)(5) to determine whether there was statutory authority for the district court's action. That statute states:

"Nonbase sentences will not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences will have the full criminal history score assigned. *In the event a conviction designated as the primary crime in a multiple conviction case is reversed on appeal, the appellate court shall remand the multiple conviction case for resentencing. Upon resentencing, if the case remains a multiple conviction case the court shall follow all of the provisions of this section concerning the sentencing of multiple conviction cases.*" (Emphasis added.) K.S.A. 21-4720(b)(5).

The *Guder* court summarized this statute as providing that "in the event that a *conviction of the primary crime is reversed on appeal*, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases." (Emphasis added.) 293 Kan. at 766. The court then held that because the KSGA does not provide other grounds to modify, authority to modify does not exist in a multiple-conviction case unless the conviction for the primary crime is reversed. Applying that rule, the *Guder* court held a district court lacks jurisdiction when resentencing in a multiple-conviction case to modify non-vacated sentences for the other crimes of conviction because only the sentence for the primary offense was vacated, the conviction itself was not reversed. 293 Kan. at 767.

But the caveat to *Guder* is that the non-vacated sentences must be otherwise lawful when the case is returned to the district court on remand. See *Miller*, 260 Kan. at 899 (recognizing the KSGA

limits a court's powers to modify a *lawful* sentence). In Morningstar's case, the district court had to correct the aggravated battery sentence as well because it was no longer the primary offense after the off-grid rape sentence was vacated. In other words, Morningstar's criminal history score could no longer enhance the aggravated battery sentence, so absent modification on remand Morningstar's aggravated battery sentence would have been an illegal sentence. See K.S.A. 21-4720(b)(2), (3), (5); *Sims*, 294 Kan. at 825 (sentence illegal when, *e.g.*, it differs in character or term from that authorized by statute).

*Guder* is distinguishable because the district court here did not modify the sentences for any convictions that were not affected by our decision in *Morningstar I*. The district court had to make changes on remand to both Morningstar's rape sentence and his original aggravated battery sentence so that the whole judgment conformed to the KSGA's requirements. For this reason, we reject Morningstar's argument that K.S.A. 21-4720(b)(5) prohibited the district court from addressing the concurrent or consecutive nature of the rape sentence. But the question still remains whether that aspect of the rape sentence was within the district court's power to address when ensuring Morningstar's sentences conformed to the KSGA. We hold that it was.

The sentence for each crime of conviction is multifaceted. In some cases, it encompasses confinement or other manners of durational punishment (such as probation), the place and duration of such punishments, monetary penalties (fines, fees, expenses, or restitution), and offender registration and postrelease supervision requirements. See K.S.A. 21-4603d; K.S.A. 21-4608; K.S.A. 21-4704; K.S.A. 21-4720. The panel concluded that the district court was "required to resentence Morningstar de novo, as if he had never been sentenced on the crime before." *Morningstar*, 2011 WL 1878003, at *1. In so stating, the panel's analysis seemingly implicates all aspects of a defendant's sentence. But this would far exceed what the district court actually did and what Morningstar challenges. We are solely concerned with the district court's decision to run the newly imposed rape sentence consecutive to Morningstar's other sentences.

The district court was tasked with imposing a grid sentence for the rape conviction. At minimum, it needed to exercise its discretion and select the appropriate term of months from the range supplied by the applicable grid block. See K.S.A. 21-4704(e)(1). But selecting the term from the applicable grid box is not the only decision a district court must make in determining a grid sentence's length. See K.S.A. 21-4716 (providing mechanism for departing from presumptive sentences supplied by KSGA grid); K.S.A. 21-4720(a) (providing discretion to run sentences consecutive in multiple-conviction cases).

In cases like Morningstar's involving multiple convictions, whether a sentence runs consecutive to the defendant's other sentence or sentences is related, if not intertwined, with the sentencing court's discretion to choose the appropriate term of months. See K.S.A. 21-4720(a), (b) (consecutive sentences yield prison term equal to sum of the consecutive terms); see also *State v. Stafford*, 255 Kan. 807, 816-20, 878 P.2d 820 (1994) (upholding pre-KSGA consecutive sentences as within sentencing court's discretion when district court considered statutory factors for determining sentences' minimum terms in ordering sentences to run consecutively). The district court necessarily had to apply the KSGA provisions governing the terms of grid sentences to determine the sentence's length. In doing so, the district court had to exercise its independent judgment—within the limitations imposed by the KSGA—to determine the appropriate sentence.

We hold that running the new rape sentence consecutive to the other sentences was a permissible mechanism available to the district court under the KSGA for regulating the sentence's length. The district court properly addressed the facets of Morningstar's vacated rape sentence that were before it on remand, which included whether the new sentence should run consecutive to the other sentences.

*Authority to run sentence for primary crime of conviction consecutive to other sentences*

Finally, Morningstar argues K.S.A. 21-4720 prohibited the district court from ordering the sentence for his primary crime, rape,

to run consecutive to his other sentences. Interpretation of the sentencing statutes is a question of law subject to unlimited review. See *Guder*, 293 Kan. at 765.

Morningstar does little to develop this argument, which hinders the analysis. But essentially he contends the sentencing guidelines require the base sentence to be established first and only after that can a sentence for a nonbase crime be determined, including whether it runs consecutive to the base sentence. We do not find this requirement in the statutes.

K.S.A. 21-4608 and K.S.A. 21-4720 both permit a district court to run two or more sentences consecutive with one another. In multiple-conviction cases, K.S.A. 21-4720 does not dictate the order in which consecutive grid sentences must be imposed or served. More precisely, the statute does not say the sentence for a primary crime cannot be run consecutive to another sentence or sentences.

In any event, it is inconsequential whether the sentence for a primary crime is consecutive to another grid sentence or whether the converse is true. All consecutive grid sentences are aggregated into a single controlling sentence. See K.S.A. 21-4720(b)(1). What matters is only whether the sentences are consecutive with one another and, therefore, aggregated; or concurrent with one another and, therefore, not aggregated. And while authorizing the district court to impose consecutive sentences, K.S.A. 21-4720 contains no express prohibition against running the sentence for a primary crime of conviction consecutive to a defendant's other sentences. We will not read into the statute a prohibition that does not exist in its text.

We hold the district court did not err when it ordered the rape sentence to run consecutive to Morningstar's other sentences. The net result, which is a controlling 229-month prison term, is in harmony with the statute. The Court of Appeals decision dismissing the case for lack of jurisdiction is reversed. The sentence imposed by district court is affirmed.

\* \* \*

JOHNSON, J., dissenting: While I agree with the majority that the Court of Appeals erred in finding no jurisdiction to review the district court's application of the Kansas Sentencing Guidelines Act (KSGA), I disagree with the majority's determination that the sentencing court, on remand, had authority to order consecutive sentencing. I disagree with the majority's rationale on more than one level.

First, I discern that our holding in *State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012), affects our analysis in this case, although it does not completely resolve our current question. *Guder* involved a resentencing after the Court of Appeals had vacated the sentence on the primary crime because the original sentencing court had used an incorrect severity level for that crime. The mandate did not vacate any of the other nonbase sentences. On remand, the district court changed one of the nonbase sentences to run consecutive to, rather than concurrent with, the newly imposed base sentence. The district court relied on *State v. Woodbury*, 133 Kan. 1, 2, 298 P. 794 (1931), and its progeny, which stood for the proposition that "a sentence pronounced following conviction is a singular entity that cannot be subdivided into correct and erroneous counts, and the sentencing court therefore [has] the latitude on remand to modify its original sentence on all counts, including those for which no error [has] been found." *Guder*, 293 Kan. at 765.

The unanimous *Guder* court, which included all of the members of the majority in this case, found that the KSGA required the reversal of the district court's modification of the non-vacated, nonbase sentences, specifically noting that "[s]tatutory changes to the jurisdiction of district courts to modify sentences have superseded the *Woodbury* rationale." 293 Kan. at 766. In other words, where the appellate court vacates one of the sentences in a multiple-conviction case, the district court does not have the authority "to modify any of the sentences that were not vacated on appeal." 293 Kan. at 767. Moreover, changing a sentence from concurrent to consecutive is a sentence modification.

The majority acknowledges *Guder* but curiously discusses the factual distinction in this case that required the resentencing court

to change the primary offense from the aggravated battery conviction to the rape conviction. First, I would note that the resentencing court pronounced that the rape conviction would be imposed consecutively. See *Abasolo v. State*, 284 Kan. 299, 303-04, 160 P.3d 471 (2007) (A sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced.). The district court did not say that it was modifying the aggravated battery sentence from concurrent to consecutive. See *State v. Spear*, 297 Kan. 780, 798, 304 P.3d 1246 (2013) (K.S.A. 21-4608 provides that sentences shall be served concurrently where judge fails to pronounce how they will be served); *State v. Jackson*, 262 Kan. 119, 140, 936 P.2d 761 (1997) ("The sentence . . . was effective when pronounced. Because the record of the sentencing hearing is silent as to whether the sentence should run concurrently or consecutively, the sentence must be served concurrent with the other sentences."). Accordingly, I fail to see how the need to recalculate the prison term on the aggravated battery sentence affects whether the rape sentence could be imposed consecutively.

Likewise, I would not interpret the court's right to correct an illegal sentence under K.S.A. 22-3504 as providing the authority to modify the lawful portions of that sentence in violation of K.S.A. 21-4721(i). When the rape sentence was remanded for resentencing, the term of imprisonment on the aggravated battery became an illegal sentence because it did not conform to the applicable statutory provisions with regard to the term of authorized punishment. See *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013) (An illegal sentence is defined, in part, as a " 'sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment.' "); *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). To correct the illegality in the aggravated battery sentence, which was not vacated on appeal, the grid box prison term had to be recalculated. But the order to serve the aggravated battery sentence concurrently did not need to change to effect a legal sentence. Accordingly, changing the sentence to consecutive would be a prohibited modification rather than a permitted correction. *Guder* suggests that only the

vacated or erroneous portions of a sentence may be modified on remand.

The majority does mention the true distinction between our case and *Guder*, which is that the district court ostensibly modified the vacated sentence rather than modifying one of the non-vacated sentences. Perhaps one could debate whether a district court has the authority to do indirectly what it is prohibited from doing directly, *e.g.*, whether a court can modify the vacated sentence to run consecutive to the non-vacated sentences when the non-vacated sentences are not amenable to being modified to run consecutive to the vacated sentence. But we need not decide that question today. Because the vacated sentence became the primary or base sentence, it was imposed first and, therefore, it could not have been imposed consecutive to itself.

The majority finds authority to run a base sentence consecutive to the nonbase sentences from the fact that K.S.A. 21-4720 does not expressly prohibit it, *i.e.*, the statute is silent about which sentence is imposed first and which are then imposed consecutively. In other contexts, we have found that statutory silence is the equivalent of an ambiguity. See *State v. Holman*, 295 Kan. 116, 149-50, 284 P.3d 251 (2012) (If the legislature's intent is unclear as to the unit of prosecution defined by a statute, for the purposes of double jeopardy analysis, the rule of lenity applies, which provides that statutory silence and ambiguity regarding the unit of prosecution is construed in favor of the defendant.); *State v. Thompson*, 287 Kan. 238, 249, 200 P.3d 22 (2009) ("Under the rule of lenity, statutory silence and ambiguity regarding the unit of prosecution is construed in favor of the defendant."); *Bradley v. Sudler*, 172 Kan. 367, 371, 239 P.2d 921 (1952) (recognizing that statute was ambiguous based on silence).

But we need not rely solely upon silence to find ambiguity in K.S.A. 21-4720, which is the statute addressing sentencing in multiple conviction cases. The provisions in subsection (b)(4) address limiting the total prison sentence to twice the base sentence and include the following statement: "This limit shall apply only to the total sentence, and it shall not be necessary to reduce the duration of *any of the nonbase sentences imposed to be served consecutively*

*to the base sentence.*" (Emphasis added.) K.S.A. 21-4720(b)(4). Subsection (b)(4) is not linguistically or conceptually consistent with the notion that a base sentence can be imposed consecutive to the nonbase sentences. In that instance, the base sentence would be the one that need not be reduced to meet the twice-the-base limit. On the other hand, the language of the subsection supports the reasonable and sensible interpretation that the base sentence is imposed first and the nonbase sentences are then imposed either concurrent with or consecutive to the base sentence.

At the very least, the provisions of K.S.A. 21-4720 are ambiguous about whether a base sentence for the primary crime is amenable to being designated as consecutive to the nonbase sentences for the remaining crimes. Where ambiguity exists, the rule of lenity dictates that a court strictly construe a criminal statute for the benefit of the defendant, resolving any reasonable doubt as to the statute's meaning in favor of the accused. *State v. LaGrange*, 294 Kan. 623, Syl. ¶ 2, 279 P.3d 105 (2012). If there are two reasonable and sensible interpretations of a criminal statute, the rule of lenity requires the court to adopt the one that favors the accused. *State v. Coman*, 294 Kan. 84, 97, 273 P.3d 701 (2012).

The other reason the majority gives for allowing the base sentence to be the one that is imposed consecutively is that "it is inconsequential." But, of course, the additional 3 years and 7 months that Morningstar will be required to remain in prison under the majority's interpretation of the applicable statutes will likely be of some consequence to him. In other words, the interpretation favoring the accused in this instance is that the base sentence for the primary crime is imposed first and it is not amenable to being imposed consecutive to later imposed nonbase sentences.

Consequently, I would find that the district court erred in resentencing, and I would vacate that portion of the rape sentence that unlawfully ordered it to be served consecutive to the nonbase offenses that were not before the court for resentencing.

BEIER, J., joins in the foregoing dissent.