NOT DESIGNATED FOR PUBLICATION

No. 115,158

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRIUS SHUGART,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed September 30, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.

*Per Curiam*: In this appeal we granted Darrius Shugart's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

Shugart was convicted of two counts of kidnapping, six counts of criminal possession of a firearm, four counts of aggravated assault, two counts of aggravated burglary, two counts of attempted aggravated robbery, plus aggravated robbery, criminal threat, theft, criminal discharge of a firearm, and criminal damage to property. The district court sentenced Shugart to 184 months' imprisonment. On appeal, this court remanded the case with instructions to vacate the five convictions for criminal possession of a firearm because they were multiplicitous. We affirmed Shugart's other convictions

1

and sentences. *State v. Shugart*, No. 109,795, 2014 WL 6909542, at \*1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1020 (2015).

At the remand hearing, Shugart asked the district court to impose a lesser sentence on the nonvacated convictions. The district court vacated the five criminal possession of a firearm counts but declined Shugart's request to otherwise modify his sentence. Shugart argues the district court erred in denying his requested sentence modification.

Under the Kansas Sentencing Guidelines Act, "authority to modify does not exist in a multiple-conviction case unless the conviction for the primary crime is reversed." *State v. Morningstar*, 299 Kan. 1236, 1243, 329 P.3d 1093 (2014) (citing *State v. Guder*, 293 Kan. 763, 766, 267 P.3d 751 [2012]). Here, we only reversed nonprimary crimes— five counts of criminal possession of a firearm. Thus, the district court lacked authority to resentence Shugart on his other convictions and did not err in declining to do so.

Shugart also contends the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior juvenile adjudications to increase his sentence without proving them to a jury beyond a reasonable doubt. This issue was raised and rejected in Shugart's direct appeal. Our decision on this issue in Shugart's direct appeal is consistent with the decision in *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002), *cert. denied* 537 U.S. 1104 (2003). We are duty bound to follow the holding in *Hitt*, there being no indication that the Supreme Court is departing from *Hitt*. See *State v. Harris*, 293 Kan. 798, 818, 269 P.3d 820 (2012).

Affirmed.

2