NOT DESIGNATED FOR PUBLICATION

No. 116,560

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER DEAN CASH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed June 9, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Larry R. Schwartz*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*: Christopher Dean Cash pled guilty to one count of aggravated sexual battery and was sentenced to 36 months in prison and 24 months' postrelease supervision, which the district court suspended so that Cash could serve the time on probation. Cash violated the terms of his probation, causing the district court to revoke his probation and order him to serve his underlying sentence, including the 24 months' postrelease supervision. Shortly thereafter, the State filed a motion to correct an illegal sentence seeking modification of the term of postrelease supervision from 24 months to life. The district court granted the motion. Cash now appeals. Because we find that Cash's sentence

1

was illegal from the beginning, we affirm the district court's modification of his sentence from 24 months' postrelease supervision to lifetime postrelease supervision.

FACTUAL AND PROCEDURAL HISTORY

In 2012, Cash pled guilty to one count of aggravated sexual battery. The district court sentenced him to 36 months in prison with 24 months' postrelease supervision. The district court then suspended the prison sentence and ordered probation. In 2015, after first imposing graduated sanctions, the district court revoked Cash's probation and ordered him to serve his underlying sentence including the 24 months' postrelease supervision.

Several months later, the State filed a motion to correct an illegal sentence, arguing that Cash should have been subject to lifetime postrelease supervision. The district court granted the motion. Cash now appeals.

ANALYSIS

Cash argues that the district court erred when it granted the State's motion to correct an illegal sentence and modified his term of postrelease supervision from 24 months to life. Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). To the extent that Cash's appeal requires this court to engage in statutory interpretation, such review is also unlimited. See *State v. Morningstar*, 299 Kan. 1236, 1246, 329 P.3d 1093 (2014).

Cash makes two alternative arguments. First, he points to K.S.A. 2013 Supp. 22-3716(c)(1)(E), which says that when an offender's probation is revoked, district courts may order the offender to serve his or her original sentence or any lesser sentence as the

2

court sees fit. Relying on *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011), Cash argues that the power of a district court to shorten a sentence upon revocation of an offender's probation includes the ability to reduce the period of postrelease supervision to which the offender is subject.

In *McKnight*, the defendant was sentenced to 30 months in prison with 24 months' postrelease supervision, but the district court suspended the sentence and placed him on probation. McKnight violated the terms of his probation, leading the district court to revoke his probation and impose a modified sentence of 22 months in prison. At the revocation hearing, the district court considered whether it could also order McKnight to serve a period of postrelease supervision, but it ultimately decided that it could not because McKnight's probation was being revoked for a technical violation. Several months later, the State filed a motion to correct an illegal sentence in which it argued that postrelease supervision should have been ordered. The district court granted the motion, and McKnight appealed.

On appeal, the Kansas Supreme Court determined that the district court erred when it granted the motion to correct an illegal sentence and reinstated postrelease supervision because the sentence the district court imposed at the revocation hearing was a legal sentence. 292 Kan. at 783. "Once a legal sentence is pronounced from the bench, the trial court does not have jurisdiction to modify the sentence." 292 Kan. at 779.

Our Supreme Court reasoned:

"In cases where a sentence was announced, but probation was granted, [upon revocation] the court 'may require that [the] defendant serve the sentence imposed, or any lesser sentence.' The phrase 'any lesser sentence' is not defined, and the 'lesser sentence' is not limited to that which might have been imposed at sentencing. A plain reading of K.S.A. 22-3716(b) [now codified at K.S.A. 2016 Supp. 22-3716(c)(1)(E)] gives the trial court the authority to impose any sentence less than that originally imposed. Such a

3

'lesser sentence' might be a shorter prison sentence, a shorter term of postrelease supervision, or any combination thereof." 292 Kan. at 782.

In recent cases, this court has limited *McKnight's* holding. See *State v. Reed*, 50 Kan. App. 2d 1133, 1135-36, 336 P.3d 912 (2014), *rev. denied* 302 Kan. 1019 (2015); *State v. Dodd*, No. 114,993, 2016 WL 6662284, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 12, 2016; *State v. Rodriguez*, No. 114,991, 2016 WL 7031959, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 13, 2016; *State v. Roth*, No. 113,753, 2016 WL 3659800, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* August 8, 2016; *State v. Sandoval*, No. 113,299, 2016 WL 687737, at *2 (Kan. App. 2016) (unpublished opinion), *rev. granted* 306 Kan. ___ (April 20, 2017); *State v. Lobmeyer,* No. 110,209, 2014 WL 3907097, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1017 (2015).

Reed, like Cash, was convicted of a sexually violent offense, sentenced to 18 months in prison with 24 months' postrelease supervision, and had her sentence suspended so that she could be placed on probation. Reed violated the terms of her probation and the district court held a hearing on a motion to revoke probation. At the hearing, the district court revoked Reed's probation and imposed her original sentence, including the 24 months' postrelease supervision. Shortly thereafter, the State filed a motion to correct an illegal sentence, arguing that Reed should have been subject to lifetime postrelease supervision. Reed appealed, arguing that under *McKnight* the district court had the power to impose a shorter period of postrelease than would have been statutorily permissible at her original sentencing so that it was error for the district court to find that the sentence was illegal.

This court disagreed with Reed and upheld the modified sentence. 50 Kan. App. 2d at 1136-37. The court distinguished Reed's case from *McKnight* on the basis that the

district court did not order a lesser sentence at the probation revocation hearing as the court in *McKnight* did, but rather it ordered her to serve her original sentence. 50 Kan. App. 2d at 1136-37. As a result, the district court concluded that K.S.A. 2011 Supp. 22-3716(b) and *McKnight*'s interpretation of it did not apply. 50 Kan. App. 2d at 1136-37.

The same is true here. At the sentencing hearing held in conjunction with Cash's probation revocation hearing, the district court concluded: "In terms of post-release, I do believe, because of his initial sentence, that he's required to serve post-release as part of his—as part of his—his original post-release period is 24 months. So that's applicable as well." Because the district court did not impose a lesser sentence but rather ordered Cash to serve his original sentence, this case falls outside the scope of K.S.A. 2016 Supp. 22-3716(c)(1)(E) and *McKnight*. We reject the notion that a district court may impose a lesser sentence by mere omission. Unlike the district court in *McKnight*, the district court expressed no intent to modify the original sentence imposed. The illegality of Cash's original sentence was not cured by the probation revocation.

Cash next argues that recent amendments to K.S.A. 22-3717, which apply retroactively, create a conflict between K.S.A. 2015 Supp. 22-3717(d)(1)(D) and (d)(1)(G). Cash contends that as a result of the conflict, district courts now have discretion to impose either 24 months (or other term corresponding to the severity of the crime as set out in K.S.A. 2015 Supp. 22-3717[d][1][A]-[C]) or lifetime postrelease supervision on offenders who commit sexually violent crimes. Because either sentence is legal, Cash maintains that his original 24-month postrelease supervision sentence conformed to the statute at the time the motion to correct it was filed so that the district court lacked jurisdiction to modify the sentence.

Cash recognizes that this court addressed this exact argument in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016, but he urges this panel to reject the reasoning of *Herrmann*, noting that "one

5

panel of this Court is not bound by decisions made by other panels." While Cash is right, one panel of this court may choose to disregard an opinion reached by another, there is a growing consensus amongst the members of the Court of Appeals that *Herrmann* was correctly decided. See *State v. Combs*, No. 115,638, 2017 WL 1296312, at *6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Kilgore*, No. 115,010, 2017 WL 748597, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 20, 2017; *State v. Kness*, No. 115,480, 2017 WL 1295994, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Rose*, No. 115,490, 2017 WL 383877, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February 27, 2017;*State v. Younkman*, No. 115,606, 2017 WL 1035473, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 30, 2017.

Herrmann made the same argument Cash now makes, that the 2013 amendment to K.S.A. 22-3717 gave district courts an option to choose between sentencing offenders convicted of sexually violent crimes either in accordance with other grid sentences or to lifetime postrelease supervision. Interpreting K.S.A. 2015 Supp. 22-3717, this court concluded:

> "[T]he plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to 'persons subject to subparagraph (G).'" 53 Kan. App. 2d at 152.

The court went on to explain:

> "Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded: persons sentenced for off-grid crimes

6

committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply." 53 Kan. App. 2d at 153.

As the panels before us, we too find this interpretation of the statute persuasive. Cash committed the sexually violent offense in January 2012. At that time, K.S.A. 2011 Supp. 22-3717(d)(1) read: "Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows." Subparagraph (G) instructed that offenders convicted of a "sexually violent crime" that was committed after July 1, 2006, should receive lifetime postrelease supervision. K.S.A. 2011 Supp. 22-3717(d)(1)(G). The statute goes on to define "sexually violent crime" by listing various offenses including aggravated sexual battery. K.S.A. 2011 Supp. 22-3717(d)(1)(G)(2)(I).

Based on the statute that was in effect at the time Cash was sentenced, his sentence of 24 months' postrelease supervision was illegal from the start. Neither the 2013 nor the 2015 amendments to the statute changed it so that Cash's sentence was ever legal. Accordingly, the district court's decision to grant the State's motion and resentence Cash to lifetime postrelease supervision is affirmed.

Affirmed.

7