NOT DESIGNATED FOR PUBLICATION

No. 115,713

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL S. CARPENTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 14, 2017. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

*Per Curiam*:  In two cases, Daniel S. Carpenter pled no contest and was convicted of battery, theft, criminal damage to property, aggravated indecent liberties with a child, and criminal sodomy. The district court orally gave Carpenter 36 months' postrelease supervision, but the journal entry stated he was sentenced to lifetime postrelease supervision. After violating probation and subsequently having his probation revoked, the court imposed the underlying sentence and lifetime postrelease supervision. Carpenter filed a motion to modify the journal entry to reflect the orally pronounced sentence and

1

correct the perceived illegal sentence. The State responded that the lifetime supervision was appropriate. The district court agreed with the State and resentenced Carpenter to lifetime postrelease supervision. Carpenter appeals.

FACTS

Daniel S. Carpenter pled no contest and was convicted in two cases—08CR876 and 08CR877. In 08CR876, the State charged Carpenter with burglary, misdemeanor theft, and misdemeanor criminal damage to property; in 08CR877, the State charged Carpenter with aggravated indecent liberties with a child and criminal sodomy. The sex offenses in 08CR877 occurred at some time between February 1 and February 15, 2008.

As charged in this case, aggravated indecent liberties with a child was a severity level 3 person offense; criminal sodomy was a severity level 3 person offense. Based upon the severity level of the offenses, Carpenter was subject to presumptive prison. The presentence investigation report stated Carpenter was subject to only 36 months' postrelease supervision. The sentencing court imposed the 55-month prison sentence but granted Carpenter a downward dispositional departure to probation. The court orally pronounced that Carpenter was subject to 36 months' postrelease supervision; however, the journal entry stated he was subject to lifetime postrelease supervision. In April 2010, the district court revoked Carpenter's probation and imposed the underlying sentence and lifetime postrelease supervision.

In September 2015, Carpenter filed a Motion To Correct Journal Entries/Illegal Sentence. Through this motion, Carpenter sought imposition of 36 months' postrelease supervision. The State opposed the motion arguing that the 36-month postrelease supervision period that was orally pronounced was an illegal sentence. The district court agreed with the State that lifetime postrelease supervision was required. The district court

2

resentenced Carpenter to lifetime postrelease supervision. Carpenter timely filed a notice of appeal.

ANALYSIS

*Illegal sentence*

Whether a sentence is illegal is a question of law and this court has unlimited review over the questions of law. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). A sentence is illegal if it is

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Carpenter argues that the original sentence of 36 months' postrelease supervision was a legal sentence and the district court erred by determining it was an illegal sentence. This argument centers on the interpretation and application of K.S.A. 22-3717. When interpreting a statute this court exercises unlimited review. *State v. Morningstar*, 299 Kan. 1236, 1246, 329 P.3d 1093 (2014).

The relevant statutory language in effect at the time Carpenter committed his offenses is as follows:

> "(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

3

(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity level 1 through 4 crimes and drug severity levels 1 and 2 crimes must serve 36 months, plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, and amendments thereto, on postrelease supervision.

. . . .

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 22-3717(d)(1)(A) and (G).

The issue Carpenter is raising has been addressed by the Kansas Supreme Court in *State v. Ballard*, 289 Kan. 1000, 1011-13, 218 P.3d 432 (2009). In *Ballard*, the defendant committed aggravated indecent liberties with a child and was originally sentenced to 36 months' postrelease supervision. The district court later corrected the postrelease supervision to lifetime postrelease supervision. Ballard argued he could be subject to either K.S.A. 22-3717(d)(1)(A) or subparagraph (d)(1)(G). The Supreme Court held that Ballard could not be subject to subparagraph (d)(1)(A) for two reasons. First, he committed an off-grid offense, which under subsection (d)(1) prevented him from being subject to subparagraph (A). Second, because Ballard was subject to subparagraph (G), for committing a sexually violent offense after July 1, 2006, the district court was required to impose lifetime postrelease supervision. 289 Kan. at 1011-12.

Carpenter attempts to distinguish his case from *Ballard*. First, he correctly points out that the first reason that K.S.A. 22-3717(d)(1)(A) did not apply in *Ballard* is inapplicable to this case. Carpenter was not convicted of an off-grid crime. Next, Carpenter attempts to argue that because he was granted a downward dispositional departure he is not subject to subparagraph (G).

Carpenter draws a distinction between postrelease supervision for persons subject to probation and those that are sentenced directly to prison. His argument focuses on the

words "who are released from prison" within K.S.A. 22-3717(d)(1)(G). Carpenter argues that at the time of sentencing he was not a person that would be released from prison because he was granted probation; thus was not subject to subparagraph (G).

Carpenter ignores the language in K.S.A. 22-3717(d)(1) that requires postrelease supervision "upon completion of the prison portion of their sentence." Under Carpenter's interpretation of the statute, he would not have been subject to subsection (d)(1)(A) at the time of sentencing either because he was not sentenced to a prison. However, the sentencing statute requires the district court to pronounce the complete sentence in presumptive prison cases. The complete sentence includes the period of postrelease supervision. K.S.A. 21-4705(c)(2). Due to the severity level of Carpenter's crimes of conviction, he fell in a presumptive prison box on the sentencing grid. The district court was required to sentence him to a term of postrelease supervision, regardless of whether a downward dispositional departure would be granted. The fact that Carpenter was granted probation instead of being directly imprisoned does not change the analysis. The only question is what term of postrelease supervision was proper.

Under the statutory scheme for postrelease supervision when a person commits a sexually violent offense after July 1, 2006, the only term of postrelease supervision that is applicable to that person is lifetime postrelease supervision. K.S.A. 2016 Supp. 22-3717(d)(1)(G); *State v. Barber*, 44 Kan. App. 2d 748, 753-54, 240 P.3d 980 (2010); see *State v. Herrmann*, 53 Kan. App. 2d 147, Syl. ¶ 4, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016. Carpenter committed a sexually violent offense after July 1, 2006. Thus, K.S.A. 22-3717(d)(1)(G) is the only subparagraph that is applicable to Carpenter. See *Barber*, 44 Kan. App. 2d at 753-54. *Ballard* is controlling law for Carpenter's sentence, and he was required to have a lifetime term of postrelease supervision. See K.S.A. 22-3717(d)(1)(G); 289 Kan. at 1012. The district court did not err in finding his original term of lifetime postrelease supervision was an illegal sentence.

5

Additionally, Carpenter's reliance on the 2013 amendments to K.S.A. 22-3717 is without merit. See L. 2013, ch. 133, § 13. Subparagraph (G) only applies to persons who committed sexually violent offenses after July 1, 2006. *Herrmann*, 53 Kan. App. 2d at 153-54. Under the 2013 amendments persons who committed sexually violent offenses after July 1, 1993, but before July 1, 2006, are subject to K.S.A. 22-3717(d)(1)(D) and people that committed sexually violent offenses after July 1, 2006, are subject to K.S.A. 22-3717(d)(1)(G). 53 Kan. App. 2d at 153-54. Through these amendments, the legislature did not intend to draw a distinction between persons sentenced directly to prison and persons granted probation.

Under the statutory scheme for postrelease supervision, there is no distinction for persons that are sentenced directly to prison and those that are presumptive prison but granted probation. Due to the nature and timing of his offense, Carpenter is subject to the lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G). See *Barber*, 44 Kan. App. 2d at 753-54. The district court did not err in finding that his original term of lifetime postrelease supervision was an illegal sentence and resentencing him to lifetime postrelease supervision. See *Moncla*, 301 Kan. at 551 (illegal sentence is one that does not conform to statutory provisions).

*Resentencing*

The second issue on appeal that Carpenter raises is that the district court erred by using the sentencing statute in effect at the time of the original sentencing and not the statute in effect at the time of resentencing. Even assuming that Carpenter is correct in his retroactivity argument and he should have been resentenced under K.S.A. 2016 Supp. 22-3717, he is not entitled to any relief.

Based upon the analysis in *Herrmann* discussed above, Carpenter would be subject to subparagraph (G) even under K.S.A. 2016 Supp. 22-3717. The amendments to

K.S.A. 22-3717(d)(1)(D) do not apply to Carpenter because he committed his sexually violent offense after July 1, 2006. See *Herrmann*, 53 Kan. App. 2d at 153-54. The only term of postrelease supervision Carpenter could be subjected to was lifetime postrelease supervision under subparagraph (G). See *Barber*, 44 Kan. App. 2d at 753-54.

The legislature has made amendments to the statutory scheme for postrelease supervision between Carpenter's original sentencing and his resentencing. See, *e.g.*, L. 2013, ch. 133, § 13. These amendments have not substantively changed subparagraph (G). K.S.A. 22-3717(d)(1)(G) is identical to K.S.A. 2016 Supp. 22-3717(d)(1)(G) in form and substance. Because Carpenter committed a sexually violent offense after July 1, 2006, he is required to have lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G) regardless of whichever statutory year was used to resentence him.

Affirmed.