Johnson, J., concurring in part and dissenting in part:
I agree with the majority that, in conformance with our holding in State v. Guder , 293 Kan. 763, 267 P.3d 751 (2012), the district court erred when it modified Jamerson's original sentence for aggravated robbery because that sentence was not illegal and, therefore, was not subject to correction under K.S.A. 22-3504(1). Likewise, I agree that, when the district court discerned that the originally imposed sentences for second-degree murder and conspiracy to commit robbery were nonconforming with the criminal history statutory provisions, i.e., were illegal, the district court had authority under K.S.A. 22-3504(1) to correct the illegality. Where I part company with the majority is when it interprets K.S.A. 22-3504(1) as investing a district court with the discretion to modify the legal portions of a previously imposed sentence.
First, there is no statutory basis upon which to characterize a sentence correction under K.S.A. 22-3504(1) as a "resentencing" under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 through 21-6824. The majority acknowledges that the district court's authority to change Jamerson's sentences in response to his motion to correct an illegal sentence does not emanate from the KSGA. Quite to the contrary, not long after the adoption of the KSGA, **220 State v. Miller , 260 Kan. 892, 897, 926 P.2d 652 (1996), abrogated on other grounds by State v. Berreth , 294 Kan. 98, 273 P.3d 752 (2012), explained that in the KSGA "no provisions are made for modifying a sentence that has already been imposed" and "[t]hat this elimination of the court's authority to modify was intentional."
More recently, in Guder , we reiterated that "[t]he 1992 amendments to the Kansas sentencing statutes deprived district courts of the jurisdiction to modify sentences except to correct arithmetic or clerical errors, to consider or reconsider departures from presumptive sentences, or to modify sentences by reinstating previously revoked probations. [Citations omitted.]" 293 Kan. at 766, 267 P.3d 751. Further, corroborating that the Legislature acted intentionally, Guder pointed out:
"When it enacted the KSGA, our legislature explicitly addressed remands following reversal. K.S.A. 21-4720(b)(5) provides that, in the event that a conviction of the primary crime is reversed on appeal, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases.
"Nothing in the statutory scheme, however, allows resentencing on other convictions following the vacating of a sentence on appeal. It is telling that the legislature expressly set out the authority of district courts to resentence on remand, without giving them authority to resentence on other convictions when only the sentence for the primary conviction is vacated. It is also telling that, in repealing the old statute and replacing it with a new version in 2010, the legislature retained the limitation to remands when the primary conviction is reversed. See L. 2010, ch. 136, sec. 300(b)(5). We will not add words to the statute that would provide jurisdiction to resentence on other counts when only the sentence on the primary conviction is vacated. This court ascertains the legislature's intent through the statutory language it uses, and it will not read a statute to add something not readily found in it. State v. Finch , 291 Kan. 665, Syl. ¶ 2, 244 P.3d 673 (2011)." 293 Kan. at 766-67, 267 P.3d 751.
Consequently, if the district court's new sentence is to survive, it must comply with the *704 sentence-correction provisions of K.S.A. 22-3504, which, as the majority acknowledges, is contained in the statutory chapter labeled as "Criminal Procedure," rather than in the chapter where the KSGA resides.
Normally, our first step in determining whether a district court's acts fall within the purview of a statute is to look at what the statute actually says, giving common words their ordinary meanings. See State v. Phillips , 299 Kan. 479, 495, 325 P.3d 1095 (2014).
**221 (legislative intent ascertained through statutory language, giving common words their ordinary meanings). In our case, the applicable statutory language is quite straightforward: "The court may correct an illegal sentence at any time." K.S.A. 22-3504(1). Here, however, the majority briefly summarizes the provisions of K.S.A. 22-3504, opines that they do not include explicit directions for the district court, and declares that logic would advise us to interpret K.S.A. 22-3504 as importing the resentencing provisions of the KSGA. Op. at 701-02.
Granted, one can find a rule of statutory construction to support a desired result in many instances. But incorporating an entire act into a plainly worded statute because we believe it would be the logical thing to do is directly contrary to our most basic statutory construction concepts. To begin, when there is no ambiguity in a statute, we simply have no need to resort to canons of construction. Phillips , 299 Kan. at 495, 325 P.3d 1095. "When a statute is plain and unambiguous, this court must give effect to the statute's express language, instead of determining what the law should or should not be." Redd v. Kansas TruckCenter , 291 Kan. 176, 188, 239 P.3d 66 (2010). When the statutory language is plain, we refrain from reading something into the statute that is not readily found in its words. State v. Brooks , 298 Kan. 672, 685, 317 P.3d 54 (2014). Most certainly, we do not read an entire act into a single statute, unless that statute's language could be read to permit such incorporation. I submit that such a reading of K.S.A. 22-3504(1) is not justified or rational.
By implication, then, the majority must have found ambiguity in K.S.A. 22-3504(1). The words we need to address-the court may correct an illegal sentence at any time-seem clear enough. No one quibbles about the meaning of "the court" or "at any time," and the parties here do not dispute that Jamerson's murder and conspiracy sentences were each "an illegal sentence." Consequently, if an ambiguity is to be found, it must be divined from the words "may correct."
Perhaps it is useful to consider not only what the statute says, but also what it does not say. For instance, K.S.A. 22-3504(1) does not say that the court may modify an illegal sentence at any time.
**222 It does not say that a court may resentence a person with an illegal sentence at any time. It only authorizes a correction . I understand the ordinary meaning of the common word "correct," to be to make something right, e.g., to correct a grammatical error. Cf. Webster's New World College Dictionary 333 (5th ed. 2016) (defining "correct" as "to make right; change from wrong to right; remove errors from"). In other words, to correct something means to fix what is wrong with it. One does not, in ordinary parlance, "correct" something that is not wrong in the first place. Rather, something that is already correct can be changed ; it can be altered ; it can be modified ; it can be transformed ; it can be redone , refashioned , remade , remodeled , revamped , revised , or reworked . But it cannot be corrected .
There are circumstances under which the imposition of a concurrent sentence could be illegal as nonconforming to statutory provisions. See, e.g., K.S.A. 2017 Supp. 21-6606(c) (sentence for new crime while on probation shall be consecutive to probated sentence). In that circumstance, the concurrent sentencing would need correction. Here, however, the concurrent sentence for the conspiracy conviction was within the judge's discretion and legal. K.S.A. 2017 Supp. 21-6606(a) (sentence shall run concurrent or consecutive as the court directs). In other words, the court's use of an illegal criminal history score did not render the concurrent sentencing illegal. Accordingly, when the district court changed the concurrent conspiracy sentence to a consecutive conspiracy sentence, she was not correcting an illegal sentence; she was exercising a discretion that was only available to her for a sentencing under the KSGA. Consequently, *705 as a matter of statutory interpretation, K.S.A. 22-3504(1) did not authorize the modification of the legal portion of the conspiracy sentence.
Finally, the majority attempts to find support in State v. Morningstar , 299 Kan. 1236, 329 P.3d 1093 (2014). That reliance is misplaced; Morningstar is factually distinguishable. Morningstar's conviction for off-grid rape was reversed because the State failed to prove an essential element of that crime. The case was remanded for sentencing on the lesser included offense of on-grid rape, i.e., the district court was directed to impose an initial sentence on a **223 new conviction. The reversal also caused a change in the primary crime in a multiple conviction case. As noted above, Guder explained that the Legislature treats a conviction reversal in a multiple convictions case differently than an illegally imposed sentence . And, as the majority notes, a minority opined that Morningstar suffered from flawed rationale. See Morningstar , 299 Kan. at 1247-50, 329 P.3d 1093 (Johnson, J., joined by Beier, J., dissenting).
In short, I would agree with the majority that the district court erred in increasing the legal aggravated robbery sentence from 35 to 59 months but did not err in correcting the second-degree murder sentence to 186 months and correcting the conspiracy sentence to 34 months. But I would hold that the district court erred when it resentenced Jamerson to serve his conspiracy sentence consecutively.
BEIER, J., joins in the foregoing concurring and dissenting opinion.