NOT DESIGNATED FOR PUBLICATION

No. 124,057

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BOBBI J. KLAHR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR. Opinion filed August 5, 2022.
Affirmed.

*Eric Kjorlie*, of Topeka, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: There is one issue raised by Bobbi J. Klahr in her sentencing
appeal: Must a sentencing court give notice to Klahr that it intends to rely on a special
sentencing rule and order her incarceration rather than impose a presumptive disposition
of probation? Under the circumstances here, where the offender committed her crime
while she was free on a bond posted in a prior felony case, our answer is no. Imposing
incarceration instead of probation here was not a departure sentence and thus no notice
had to be given by the court of its intent to follow the special rule.

1

*Klahr faced charges in two counties.*

In December 2019, Klahr was arrested for DUI, possession of marijuana, possession of drug paraphernalia, and transporting an open container in Shawnee County. Klahr was released on bond. She was formally charged in June 2020.

In May 2020 Klahr was charged with unlawful request for emergency service assistance and interference with law enforcement in Jackson County. In December 2020 Klahr pleaded guilty to both charges.

Klahr's presentence investigation report in the Jackson County case showed that special rule 10 applied. This means that the crimes were committed while she was on felony bond. Under special rule 10, if an offender's new crime is a felony, the court may impose prison even if the presumptive sentence is probation. Given her criminal history, Klahr's sentence disposition was presumptive probation.

At sentencing, the State noted that special rule 10 applied and asked the court to sentence Klahr to incarceration. After talking about Klahr's criminal history and her interactions with the Jackson County Attorney, the community, and her victims, the court sentenced Klahr to 29 months in prison. The district court noted it was applying special rule 10 for both counts.

Klahr moved to set aside the sentence, arguing the district court's prison sentence under special rule 10 was illegal because it was an upward departure without notice to her. The court denied the motion, stating that the use of special rule 10 does not constitute a departure.

Klahr appeals, arguing that the district court erred in sentencing her to imprisonment because neither the county attorney nor district court gave Klahr notice of their intention to depart from her presumptive probation sentence.

*Do we have jurisdiction to resolve this issue?*

A right to appeal is created only through statute. And appellate courts may not review any sentence within the presumptive sentence for a crime. See K.S.A. 2021 Supp. 21-6820(c)(1). Relying on this law, the State argues that we cannot review this sentence.

For support the State cites *State v. Otano*, No. 122,535, 2020 WL 5268534 (Kan. App. 2020) (unpublished opinion). In *Otano*, the defendant entered a plea agreement to recommend a probation sentence and his presumptive sentence was probation. The district court sentenced the defendant to 13 months in prison, which reflected the presumptive sentence based on his criminal history score. The district court relied on K.S.A. 2019 Supp. 21-6604(f)(4) because the defendant committed the crime while he was on felony bond. The defendant appealed, arguing the district court abused its discretion in disregarding the plea agreement.

The *Otano* court dismissed the appeal for lack of jurisdiction. The court explained that K.S.A. 2019 Supp. 21-6604(f)(4) provides that reliance on the statute does not constitute a departure. By definition, Otano received a presumptive sentence because his period of incarceration matched the statutory term for the crime based on the severity level of the offense and his criminal history. Defendants may not appeal presumptive guidelines sentences. 2020 WL 5268534, at *2.

We are not bound by the ruling in *Otano*, as it is horizontal precedent. And we have no quarrel with that panel's ruling. But we choose not to follow its guidance here because we want to address Klahr's argument that suggests the district court

3

misinterpreted its sentencing authority. We follow the guidance of our Supreme Court in *State v. Morningstar*, 299 Kan. 1236, Syl. ¶ 1, 329 P.3d 1093 (2014), that held, "The jurisdictional bar in K.S.A. 21-4721(c)(1) prohibiting review of presumptive sentences does not extend to appellate review of a district court's interpretation of its sentencing authority under the Kansas Sentencing Guidelines Act or an appellate court mandate."

Klahr argues that the sentencing court improperly applied special rule 10 because the court needed to find she *was actually convicted of the felony* she was released on. By that argument she is essentially challenging the court's interpretation of special rule 10. That argument warrants our analysis and our rejection.

*There is no requirement for a felony conviction under the statute or the special sentencing rule.*

The pertinent statute is K.S.A. 2021 Supp. 21-6604(f)(4):

"When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, or similar provisions of the laws of another jurisdiction, a new sentence may be imposed consecutively pursuant to the provisions of K.S.A. 2021 Supp. 21-6606, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

The statute applies to defendants who are "on release" for a felony under article 28 chapter 22. Chapter 22 deals with offenders who are charged with a crime and a preliminary hearing, trial, or sentencing is pending. Once a defendant is convicted and sentenced for a crime, an offender is no longer "on release"—i.e., pretrial bond—but is not serving their sentence. At that point, the conviction is reflected in the offender's criminal history.

4

This statute—K.S.A. 2021 Supp. 21-6604(f)(4)—applies when a defendant commits a crime while released on bond. The intent of the Legislature is clear. Continue to be charged with felonies and you will lose your statutory probation presumption for your newer charges. Nowhere in that statute does it say the defendant must also be convicted of that felony. The rule allows for a potentially increased punishment only for committing a crime while on bond. The rule does not apply to one conviction after another. The enhanced penalties for sequential convictions are reflected through the application of the rules on an offender's criminal history.

Klahr's assertion that the district court can impose special rule 10 only if she was convicted of the felony for which she was released is incorrect. The district court properly imposed special rule 10 and sentenced Klahr to prison. As the State correctly points out, no notice was required by the State or district court under K.S.A. 2021 Supp. 21-6817 because the use of special rule 10 was not a departure sentence. Thus, Klahr's argument that her sentence was illegal also fails.

Affirmed.